The COMMONWEALTH v. SMITH.

S., a native of New Jersey, afterwards domiciled in Philadelphia, and then in France, where he died, bequeathed a legacy to a citizen and resident of France. So far as the legacy is payable out of personal assets in Pennsylvania, it is subject to the collateral inheritance tax, under the act of 1826.

*March* 31, *and April* 3.—This was a case stated for the opinion of this court. Smith, a native of New Jersey, afterwards domiciled in Philadelphia, and at the time of his death domiciled in Paris, bequeathed 30,000 francs to one Briel, a native and resident of France. The executor, defendant, residing in Philadelphia, took out letters here. The estate consisted of a bond, secured by mortgage on property in this city, bills and notes of persons residing here, and stock in Pennsylvania and New Jersey corporations. The question was, whether the legacy is chargeable with the collateral inheritance tax.

The case was argued at March Term last, by *Kane*, Attorney-General, and now by *Champneys*.

*Attorney-General.*—The question is, whether the words " being within this Commonwealth," in the act of 1826, refer to the person dying, or his estate. It has frequently been decided in England, that, wherever the aid of a court is invoked to obtain the legacy, the legacy is payable; Attorney-General *v.* Cockerell, 1 Price, 165; Logan *v.* Fairlie, 2 Sim. & Stu. 284; Jackson *v.* Forbes, 2 Tyr. 354; S. C. in the Lords, Attorney-General *v.* Jackson, 3 Tyr. 982; 9 Jur. 217; and the granting letters is such. It was so held, In re Alexander's Estate, 4 Penna. Law Jour. 448, by King, P. J.

*T. J. Wharton*, contrà.—The question is simply the intention of the legislature. To understand the English cases, we must look at the stat. 45 Geo. 3, c. 28, Stat. at Large, 350. The tax is there laid " upon all legacies ;" by our act upon " all estate passing from any person dying seised, being within this Commonwealth." Do the words " *being within*," refer to the person or the property? If the latter, it is contrary to analogous cases. The rule is settled that personal property follows the domicil of the owner; Sill *v.* Worswick, 1 H. Bl. 390; Story, Conf. Law, sect. 313; Ib. sect. 468; 1 Binn. 396. If the testator had died intestate, then it would have passed under the laws of France, not under the laws of Pennsylvania, which is essential to affect it under the act of 1826. The English cases on the probate duty and the legacy tax have somewhat varied, but now it is *settled* that the domicil of the testator is the test; Attorney-General *v.* Jackson, 8 Bligh. 15; Attorney-General *v.* Hope, Ib. 44; Attorney-General *v.* Cockerell, 1 Price, 165; Attorney-General *v.* Beatson, 7 Price, 560. The more recent cases are yet stronger as to this point; Arnold *v.* Arnold, 2 M. & Cr. 256; In re Bruce, 2 Cr. & Jer. 436; 13 Sim. 14, 153, where it is finally declared, the question on the legacy duty *always* depends on the domicil. In that case, there was foreign domicil, property in England, and legatee there, hence no tax; ours is stronger, for the legatee is also abroad. In re Bruce, p. 451, it is said, that alone is sufficient. The test of administration, relied on In re Alexander, is not a correct one; the acts of 1835 and 1836 allow foreign administrators to receive dividends and transfer certain stocks without letters; and here there is no suit brought by the legatee.

*Reply.*—The domicil settles the rule as to the transmission of property, no doubt; and it is equally certain that property is

entirely subject to the *lex loci*. It is a condition annexed by a power, without which the property would not be reached by the owner; Act 1832, § 6.

*April 5.* BURNSIDE, J.—The act of the 7th of April, 1826, (7th edit. of Purdon, 185,) subjects "*all estates, real, personal and mixed, of every kind whatsoever*, passing from any person, who may die seised or possessed of such estate, being within this Commonwealth, either by will, or under the intestate laws thereof, unless for the use of father, mother, husband, wife, children, and lineal descendants born in lawful wedlock, to a collateral inheritance tax of 2½ per cent." It is not the person, *but the estate within this Commonwealth*, on which the tax is levied. This construction is in conformity with the words of the act, and is manifest from every provision as well in the act of 1826 as in every subsequent act of the legislature securing the collection of this tax.

The act of the 22d of April, 1846, increases the collateral inheritance tax to 5 per cent. This view of the act, and I think it impossible to take any other, if we regard the clearly expressed intention of the legislature in the several acts on this subject, disposes of all the questions of domicil raised in the argument.

The case stated, shows that John Pancoast Smith, of Philadelphia, went on a visit to Europe in 1827. In a short time he proceeded to Paris, where he generally resided until his decease, in 1842. He commences his will by describing himself of the city of Philadelphia, now residing in Paris, and devises 30,000 francs to Marie Louise Charlotte Briel, to be paid to her in good and lawful money of the kingdom of France. He appoints his brother, in Philadelphia, his executor. The will is proved before the register, in Philadelphia, on the 6th of September, 1844, where the administration of his estate is to be settled. All the testator's estate, real, personal, and mixed, of every kind whatsoever, in the state of Pennsylvania, at the time of his decease, was subject to the collateral inheritance tax; and as the will makes no provision how it is to be paid, it is the duty of the executors to pay it out of the legacy devised to Maria Louise Charlotte Briel, so far as the legacy is to be paid out of the assets of the estate in Pennsylvania. It is the amount of estate being within the Commonwealth, passing either by will or descent, that the act makes subject to the collateral inheritance tax, and the domicil has nothing to do with the question. If it is an intestate estate, and administration is granted in Pennsylvania, to enable the administrator to collect the

assets, the administrator ˙pays the tax out of the aggregate of the estate. If a will be proved and administered in Pennsylvania, the executor deducts the collateral inheritance tax from the devises, unless the will directs otherwise. Judgment for the plaintiff.