## ESTATE OF WM. BITTINGER, DECEASED.

APPEAL BY THE COMMONWEALTH FROM THE ORPHANS' COURT OF ADAMS COUNTY.

Argued June 5, 1889—Decided June 28, 1889.
[To be reported.]

1. The collateral inheritance tax imposed by the act of May 6, 1887, P. L. 79, is a direct tax upon the property devised to or inherited by collaterals, in the hands of the devisees or heirs, and not merely a succession tax imposed upon the persons thus succeeding to real or personal estate.

2. Said act, in so far as it imposes such a tax upon realty situated in other states, transcends legislative power and cannot be enforced, real estate not being drawn to the person or domicile of the owner for taxation or any other purpose, and hence not taxable outside of the jurisdiction where it is situate.

3. The facts that the devisor of land situate in Maryland was domiciled at the time of his death in Pennsylvania, and that the devisee of said land is a Pennsylvania corporation, make no difference in the applicability of the rule denying to state tax laws an extra-territorial operation.

4. Whether the imposition by the act of May 6, 1887, P. L. 79, of collateral inheritance taxes upon estates not before taxable, is in violation of § 3, article III., of the constitution, in that the title of the act refers solely to the collection of taxes and does not clearly indicate the subject matter, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 38 May Term 1889, Sup. Ct.; court below, number and term not given.

On July 14, 1888, a supplementary appraisement in the es-

Arguments.

tate of William Bittinger, deceased, was filed in the office of the register of wills, valuing for purposes of taxation, under the collateral inheritance tax laws, certain real estate in Frederick county, Maryland, which had been devised by the will of said deceased to the trustees of Pennsylvania College of Gettysburg, in the county of Adams, a corporation of this state. On June 20, 1888, the said corporation filed in the court below its appeal from this appraisement, specifying as the grounds thereof that the real estate in question, being situate outside the limits of Pennsylvania, was not liable to a collateral inheritance tax in this state, and if such tax were imposed thereon by the act of May 6, 1887, P. L. 79, the imposition thereof by said act was unconstitutional.

On January 26, 1889, a hearing was had when the following facts were shown by the evidence:

William Bittinger, the decedent, was a resident of Adams county, Pennsylvania, and died therein March 3, 1888, leaving a will duly admitted to probate on March 9, 1888, by which he devised to the corporation appellant a farm, with the mills, stone house and improvements thereon, situate in Frederick county, Maryland, to be applied to the endowment of a professorship in said college. Having received notice of the devise, the college corporation accepted the same.

After argument, the court, McCLEAN, P. J., entered a decree sustaining the appeal, no opinion being filed.

Thereupon the commonwealth took this appeal, specifying that the court erred:

1. In sustaining the appeal of the college from the collateral appraisement.

2. In not dismissing said appeal and in not fixing the amount of tax and decreeing the payment thereof, with costs, by the college.

*Mr. John F. Sanderson*, Deputy Attorney General, and *Mr. Wm. McSherry* (with them *Mr. William S. Kirkpatrick*, Attorney General), for the commonwealth, appellant:

1. The act of May 6, 1887, P. L. 79, specifically taxes all estates, real, personal and mixed, situated in another state and passing to collaterals by will, when the person dying seised thereof was domiciled in this commonwealth at the time of his

death. It is objected by the college that the title of this act, which is, " An act to provide for the better collection of collateral inheritance taxes," is defective, in not giving notice of an intention to impose the tax upon estates not within the terms of previous acts.

2. To this objection we reply that if it read simply, " An act to provide for the collection of collateral inheritance taxes," the title would undoubtedly be sufficient to comprehend all collateral inheritances, and that the insertion of the word " better " cannot impair what would be sufficient without it. And it is submitted that, even if we read the act in connection with previous legislation, the title gives notice of an intent not only to provide more effectual machinery for collection, but also a better definition of the subject matter of the tax.

3. It is, however, incorrect to read this statute in connection with previous legislation, as defining the subjects of taxation. The constitutionality of an act must be tested by what appears upon the face of it, independently of other legislation, and the same rule undoubtedly applies to the title. The title and subject matter of this act are properly connected, and the former fairly gives notice of the latter, the act embracing nothing not relating to or cognate with the subject matter stated in the title : Airy Street, 113 Pa. 281 ; Frederick v. Canal Co., 109 Pa. 50 ; Myers v. Commonwealth, 110 Pa. 217 ; Blood v. Mercelliott, 53 Pa. 391 ; Esling's App., 89 Pa. 210 ; Mauch Chunk v. McGee, 81 Pa. 433 ; Allegheny Co. Home's Case, 77 Pa. 77 ; Dorsey's App., 72 Pa. 192.

4. The tax in question is not a property tax, but a tax upon a civil right or privilege, to wit, the right to take property by inheritance or devise : Strode v. Commonwealth, 52 Pa. 181 ; Orcutt's App., 97 Pa. 179, 185 ; Scholey v. Rew, 23 Wall. 331 ; Eyre v. Jacob, 14 Gratt. 422 (73 Am. Dec. 367) ; Miller v. Commonwealth, 27 Gratt. 110 ; Commonwealth v. Herman, 16 W. N. 210. Hence the nature and situs of the property are immaterial, for the right, which is taxed, depends upon the laws of Pennsylvania. Her citizens, whether natural or artificial, are incompetent to enjoy the right to take in succession except under her laws, and this right may therefore be burdened by a tax.

5. The act of April 7, 1826, P. L. 146, differed from that of

1887, in not including any express provision as to property lying outside the state. In Commonwealth v. Smith, 5 Pa. 142, the phrase " being within this commonwealth," in the former, was held to qualify the word " estate." The act of March 11, 1850, P. L. 170, subsequently construing these words as relating to persons, was held in Short's Est., 16 Pa. 63, to operate by way of addition, so that under the act of 1826, as thus construed, both person and estate must be within the commonwealth. Cases dealing with the question of situs, like Commonwealth v. Coleman, 52 Pa. 468; Orcutt's App., 97 Pa. 179; Hood's Est., 21 Pa. 106; Drayton's App., 61 Pa. 172, and Commonwealth's App., 11 W. N. 492, are governed by the act of 1826 and have no application here.

6. It may be objected that the right of succession to realty in Maryland is a right depending upon the laws of that state. This is true, and it may be admitted that the Pennsylvania college is incompetent to take under this devise except as permitted by the laws of that state, and that those laws might impose a tax upon the right of succession there enjoyed. But Pennsylvania has the power to enact, as a matter of policy, that her citizens shall be incompetent to hold lands within a foreign sovereignty. Aliens may be debarred from taking land by devolution: Scholey v. Rew, 23 Wall. 331. And this college owes its power to hold lands to the express legislation of this state: Act of April 7, 1832, P. L. 365.

7. Nor does the act practically fail for want of jurisdiction over the property devised. Under §§ 1, 5, 8 and 12, of the act of 1887, the college in this very proceeding is made subject to a personal decree, adjudging its liability and the amount payable, and its right of appeal is enjoyed upon condition of giving a bond, upon which there would be an undoubted remedy. Moreover, being a statutory obligation, the liability to the tax can be enforced in Maryland against the very land in question. Whenever, by either the common or statutory law of a state, a legal liability has been incurred, it may be enforced in any court which has jurisdiction of such subject matter and of the parties: Knight v. Railroad Co., 108 Pa. 350; Dennick v. Railroad Co., 103 U. S. 11.

*Mr. David Wills* (with him *Mr. John M. Krauth*), for the appellee:

Arguments.

1. Neither the first law passed on the subject of collateral inheritances, that of April 7, 1826, P. L. 146, nor any of its various supplements prior to 1887, imposed any tax upon estates not within the commonwealth. In taxing real estate situated in another state, the act of 1887 makes that subject to tax which was not so under previous acts; whereas its title, in using the phrase " better collection," simply implies that a better method was to be provided for collecting tax upon a subject-matter already taxable. Under such a title a tax could not constitutionally be imposed upon anything not taxable before. The title of an act is now deemed a part of it: Penna. R. Co. v. Riblet, 66 Pa. 164; Eby's App., 70 Pa. 311. An act is unconstitutional if the title do not clearly indicate its subject-matter: Cooley's Const. Lim., 177, et seq.; Dorsey's App., 72 Pa. 192; Beckert v. Allegheny, 85 Pa. 191; Craig v. First P. Church, 88 Pa. 42; Dewhurst v. Allegheny, 95 Pa. 437; Union Pass. Ry. Co.'s App., 81* Pa. 91; Phoenixville Road, 109 Pa. 44; Sewickley Bor. v. Sholes, 118 Pa. 165.

2. Tax laws are to be construed most strongly against the government: Dwarris on Stat., 742, 749; and their meaning is not to be extended beyond the clear import of the words used: United States v. Watts, 1 Bond 580. The practial difficulties in the way of enforcing the imposition and collection of the tax against this real estate, are almost insurmountable and render the law inoperative. The provisions creating a lien upon the real estate charged, and providing for a decree of the Orphans' Court to enforce payment out of such real estate, in the same manner as payment of legacies is enforced, can have no extra-territorial operation and are impossible of execution against this real estate. That would be an invasion of Maryland's sovereignty. These things show that the act throughout contemplates taxing only such property as can be reached and subjected to the tax by decree of court. Clearly, this could not include land outside the state.

3. The taxing power cannot be exercised against persons not amenable to or protected by the laws of the state: Pittsburgh etc. Ry. Co. v. Commonwealth, 66 Pa. 73. To be taxed, the person must have a domicile in the state, and the thing must have a situs therein: Hays v. Pac. Mail Steamship Co., 17 How. 596; Morgan v. Parham, 16 Wall. 471, cited with approval in

Commonwealth v. Standard Oil Co., 101 Pa. 119. Property out of the state cannot be taxed; Pennsylvania's tax laws can have no extra-territorial operation: State Tax on Foreign Bonds, 15 Wall. 300. The commonwealth's counsel however, laboriously argue that this tax is not upon the property, but upon the right of succession to it; yet the portions of the act of 1887 already referred to show that it is a property tax; the first section makes it so in so many words, and our view is sustained by Commonwealth v. Smith, 5 Pa. 142, and Short's Est., 16 Pa. 63. Hence the real question is the situs of the real estate: Commonwealth's App., 11 W. N. 492. In Del Busto's Est., 23 W. N. 111, is an exhaustive review of all the collateral inheritance acts and an opinion confirmatory of our position.

OPINION, MR. CHIEF JUSTICE PAXSON:

The facts of this case, as we gather them from the paper books, are substantially as follows:

William Bittinger resided in Adams county, Pennsylvania, and died there March 3, 1888, testate. He left a widow, but no children. His will was made October 6, 1886, and probated by the register of wills of Adams county, March 9, 1888. He died seised of a farm and mill property, situated in Frederick county, Maryland, which by his will, he devised to the corporation of "The Trustees of Pennsylvania College of Gettysburg, in the county of Adams." The college accepted the devise. The commonwealth of Pennsylvania caused an appraisement to be made of this real estate for taxation, under the provisions of the act of assembly of May 6, 1887, entitled, "An act to provide for the better collection of collateral inheritance taxes:" P. L. 79. It was valued at $15,000, from which the appraiser deducted $5,000, as the value of the widow's dower. From this appraisement the college appealed to the Orphans' Court, which court sustained the appeal. The commonwealth then appealed to this court, and assigned as error the ruling of the Orphans' Court.

It was contended by the appellee, upon the argument at bar, that the act of 1887 is unconstitutional in this, that the title of said act does not clearly indicate its subject matter. The title is as follows: "An act to provide for the better collection of collateral inheritance taxes." The title of an act of assembly

is now deemed a part of the act. This has been the law since the amendments to the constitution of 1864: Penna. R. Co. v. Riblet, 66 Pa. 164; Eby's App., 70 Pa. 311. If the title of an act does not clearly indicate its subject matter it is unconstitutional: Dorsey's App., 72 Pa. 192; Craig v. First P. Church, 88 Pa. 42; Dewhurst v. Allegheny, 95 Pa. 437; Beckert v. Allegheny, 85 Pa. 191; Phoenixville Bor. Road, 109 Pa. 44; Sewickley Borough v. Sholes, 118 Pa. 165. The title of the act of 1887 refers solely to the collection of collateral inheritance taxes. This presupposes that an estate had previously been made subject to such tax, whereas it was contended that said act imposed a tax upon property not theretofore subject thereto. The act of 1826, P. L. 146, the first upon this subject, imposed a collateral inheritance tax upon "all estates, real, personal, and mixed, of every kind whatsoever, passing from any person who may die seised or possessed of such estate, being within this commonwealth, either by will or under the intestate laws thereof, or any part of such estate or estates, or interest therein," etc. None of the supplements to the act of 1826, or subsequent legislation upon this subject, attempted to bring real estate situate outside of the state within the operation of the collateral inheritance laws, until the passage of the act of 1887, the first section of which enacts, "that all estates, real, personal and mixed, of every kind whatsoever, situated within this state, whether the person or persons dying seised thereof be domiciled within or out of this state, and all such estates situated in another state, territory, or country, when the person or persons dying seised thereof shall have their domicile within this commonwealth, passing from any person who may die seised or possessed of such estates, either by will, or under the intestate laws of this state, or any part of such estate or estates, or interest therein, transferred by deed, grant, bargain, or sale, made or intended to take effect," etc., shall be subject to a tax, etc.

The collateral inheritance tax imposed by the act of 1887, upon real estate, is a tax upon the property itself. This clearly appears from the second proviso in the third section of the act, which is as follows: "And provided further, That the tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid." It has not been made to ap-

pear how the state of Pennsylvania can impose a tax upon real estate situate in Maryland; and not only impose a tax upon it, but also charge it with a lien for such unpaid tax. While it is conceded that the powers of the state for taxing purposes are very great, they are necessarily limited to either property or persons within her borders. All property of the citizen within the state may be taxed, and all such property outside the state as is drawn to or follows in law the person or domicile of the owner, such as bonds and mortgages, moneys at interest, etc., no matter where situate. But real estate is not drawn to the person or domicile of the owner, for taxation or any other purpose, and hence cannot be taxed outside of the jurisdiction where it is situate. The taxation of property involves the reciprocal duty of protection on the part of the state levying such tax. This real estate, as before said, is situate in the state of Maryland, and is subject to taxation by the laws of that state. If it had been devised to a citizen of Maryland, it could not have been seriously contended that the act of 1887 could have been enforced against him. Does it make any difference that the devisee is a Pennsylvania corporation? We think not. It may be that the state might impose a succession tax upon every citizen of the state who succeeds to either real or personal estate, from whatever source received. This is not such tax, however: Commonwealth v. Smith, 5 Pa. 142. It is a direct tax upon the thing devised in the hands of the devisee, a tax which the state is powerless to enforce. The executor cannot, as in the case of the legacy, deduct it from the legacy. He has nothing to do with it, and the state itself cannot exercise extra-territorial taxing power as to real estate, and carry into another state, and enforce there, its remedies for the collection of taxes. Without further discussion, we are of opinion that this act of 1887, so far as it imposes a collateral inheritance tax upon real estate situate in Maryland, transcends the power of the state and cannot be enforced. The constitutional question raised by its title is, therefore, unimportant.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.