LAND, J.
The surviving widow of the deceased, and usufructuary, under the terms of her marriage contract, of all the property belonging to his estate, prayed to be put in possession of the same, and ruled the taxing authorities to show cause why all the property left by the deceased should not be decreed exempt from the inheritance tax levied under Act No. 45 of 1904, p. 102, passed to carry into effect articles 235 and 236 of the Constitution of 1898.
The property belonging to the succession consists of real estate, bank shares, state and city bonds, shares in street railway, insurance, gaslight, and building and loan companies, and uncollected dividends and claims; the total aggregating $45,346.40.
The board of assessors and state tax collector answered the rule, denying all the allegations thereof, and prayed that the rule be dismissed, with costs, and 10 per cent, attorney’s fees on the aggregate amount of the tax and penalties.
The district judge held that all the property belonging to the estate was liable for the tax, except the real estate and bank stock already taxed, and the dividends accrued since the opening thereof. There was judgment fixing the tax in the sum of $2,-895.83, hut the demand for attorney’s fees was disallowed. The widow and heirs appealed, and the appellees have, in their answer to the appeal, prayed that the judgment be amended by decreeing the estate liable for the attorney’s fees claimed, and, as thus amended, be affirmed. ■ —
*50 As the articles ef the Constitution of 1898 empowering the Legislature to levy an inheritance tax must he construed, we auote them, as follows:
“Art. 235. The Legislature shall have power to levy, solely for the support of the public schools, a tax upon all inheritances, legacies and donations, provided, no direct inheritance, or donation, to an ascendant or descendant, below ten thousand dollars in amount or value shall be so taxed: provided further that no such tax shall exceed three per cent, for direct inheritances and donations to ascendants or descendants and ten per cent, for collateral inheritances and donations to collaterals or strangers : provided bequests to educational, religious or charitable institutions shall be exempt from this tax.
“Art. 236. The tax provided for in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance.”
The act of 1904 levied the maximum rates of inheritance taxation allowed by article 235, adopting its provisions and provisos literally, and added the proviso of article 236, in the following language, to wit:
“And provided further that this tax shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance.”
Article 235 authorized the levy of inheritance taxes without exemptions, except bequests to educational, religious, or charitable institutions.
In Plummer v. Coler, 178 U. S. 115, 20 Sup. Ct. 829, 44 L. Ed. 998, the Supreme Court, after reviewing the jurisprudence, state and federal, on the subject of inheritance taxes, and the taxation of shares, privileges, and franchises, held that an inheritance tax was one not on property, but upon its transmission by will or by descent, and that such tax was not invalidated or affected by the incidental fact that the property passing was composed wholly of United States bonds, exempt by express statute from all taxation, federal, state, and municipal.
Hence, under article 235 of the Constitution of 1898, it matters not whether the property of an estate is taxable or not — has or has not been taxed.
The next article withdraws from the operation of article 235 property which has borne its just proportion of taxes prior to the time of the opening of the succession, or, in other words, property which has been assessed, and the taxes thereon paid. If the law maker had intended to include property exempt from taxation, he would have said so. Nontaxable bonds cannot be said to have borne their just proportion of taxes, as they are exempt from such burden. The lawmaker evidently referred to property subject to assessment and taxation on which taxes had been paid prior to the time of the devolution of the inheritance. Exemption from taxation is strictly construed, and cannot be read into a statute by inference or implication.
Hence we are of opinion that the premium bonds and state bonds are subject to the inheritance tax.
.As to the shares in the New Orleans & Carrollton Railroad, Light & Power Company, the Merchants’ Insurance Company, the New Orleans Gaslight Company, and the New South Building & Loan Association, it is admitted that none of them have been taxed. It is argued, however, that an assessment against the corporation of all of its property is an assessment of the shares themselves. This is not true as a legal proposition. In Bank of Commerce v. Tennessee, 161 U. S. 146, 16 Sup. Ct. 456, 40 L. Ed. 645, the court said:
“The capital stock of a corporation, and the shares into which such stock may be divided and held by individual shareholders, are two , distinct species of property. The capital stock and the shares of stock in the hands of shareholders may both be taxed, and it is not double taxation. * * * This statement has been reiterated many times in various decisions by this court, and is not now disputed by any one. * * *
“And in Tennessee v. Whitworth, 117 U. S. 129, at page 136, 6 Sup. Ct. 645, at page 647 (29 L. Ed. 830), Mr. Chief Justice Waite, in *51 delivering the opinion of the court, says that in corporations four elements of taxable value are sometimes found: First, the franchise; second, the capital stock in the hands of the corporation; third, the corporate property; and, fourth the shares of capital stock in the hands of the individual stockholders.”
As a matter of fact, the record does not show the assessments of the corporations in question, nor is this hiatus covered by any written admission, though it was conceded in argument that the corporations had been assessed and paid taxes. We do not know what the assessments included, nor what proportion they bore to the market value of the stock. We are asked to infer the assessments, and to further infer that such assessments included all the elements of taxable value in the corporations.
We prefer, however, to rest the case on the sound legal proposition that the taxation of corporate capital stock, franchises, and property is not a taxation of the shares held by individual stockholders. The contention that the present revenue law does not provide for the assessment of shares, other than those of incorporated banks, does not affect the question. Shares of stock are subject to taxation under the Constitution of this state, and the' alleged omission of the Legislature to provide for their assessment does not change the situation. From our point of view, the exemption of shares from general taxation would not avail against the inheritance tax, which is not a tax proper, but a bonus or premium exacted by the sovereign on the transmission of an estate; the amount being measured by the value of the property. In its very nature, it is a privilege or franchise tax, and is not affected by the nature or character of the property transmitted. But the makers of the Constitution of 1898 deemed it proper to exempt from the operation of the inheritance tax property which had borne its just share of taxation. This exemption arose from a misapprehension of the nature of an inheritance tax, but it is in the organic law, and must be enforced in proper cases. The plain words of the law do not include exempt property, or property which has not been actually taxed. “No implication will be indulged in for the purpose of construing the language used as giving the claim for exemption, where such claim is not founded upon the plain and clearly expressed intention of the taxing power.” Bank of Commerce v. Tennessee, 161 U. S. 146, 16 Sup. Ct. 456, 40 L. Ed. 645.
We therefore are of opinion that the said shares, which have not been taxed, are not exempt from the operation of the inheritance tax law of 1904.
The last question to he considered is that of attorney’s fees, claimed as a penalty by the tax collector. Act No. 45, p. 102, of 1904, does not provide for the payment of interest or penalties in the enforcement of the inheritance tax. It is a charge on all the property in the hands of the administrator, executor, or other representative of the succession, and is secured by his official bond. The administrator or other succession representative cannot be discharged, nor the heirs be put in possession, until this tax is paid to the tax collector. No duty as to the collection of such tax is imposed on that official, beyond receiving it from the succession representative. Section 4 of the act reads as follows, to wit:
“That it shall be the duty of the parish superintendent and of the president of the school board in the city of New Orleans to see that this act be carried out, and that.the full amount of the inheritance tax be duly collected, and it shall be the duty of the district attorney for the various parishes throughout the state, when called upon by the parish superintendent or the president of the school board in the parish of Orleans, to take proceedings to enforce the provisions of this act.”
The duty of the attorney for the tax collector in the parish of Orleans, under Act No. 170, p. 346, of 1898, might have extended to the collection of the inheritance tax provided by the act of 1904, had not such act in *52 express terms imposed on the district attorney the duty of taking proceedings to enforce its provisions. The act contemplates that the district attorney should do this work without other emolument than his official salary. The provisions of the act exclude the idea of attorney’s fees as a penalty, and substitute the district attorney for the official attorney of the tax collector, who, as already stated, has no duty to perform, except to receive the tax.
We concur with the district judge in his appreciation of the valuable services rendered by counsel for the tax collector in this cause, and. we also concur in his conclusion that there is no warrant in law for taxing the estate with his fees.
Judgment affirmed.