(43 South. 537.)

No. 16,449.

Succession of PRITCHARD.

(April 1, 1907.)

1. TAXATION—INHERITANCE TAX—REPEAL.

The inheritance tax law of 1904 (Act No. 45, p. 102) was superseded by Act No. 109, p. 173, of 1906, but was not repealed as to taxes due and exigible on successions not within the purview of the latter statute.

2. SAME—VESTED RIGHTS.

Even if Act No. 45, p. 102, of 1904 had been absolutely repealed, the vested right of the state to collect taxes already accrued would not have been affected. Arnand's Heirs v. His Executors, 3 La. 336.

3. SAME—EXEMPTIONS.

The exception from the inheritance tax, in article 236 of the Constitution of 1898, of property which has borne its just proportion of taxes, is restricted to the particular property inherited; and, if taxes thereon have not been paid by the former owner, it matters not that the decedent has paid all the taxes assessed against her on other property, which she sold and invested the proceeds in the property inherited. The exemption is neither personal nor transmissible.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

In the matter of the succession of Georgine Pritchard. From an order fixing the inheritance tax, the heirs appeal. Affirmed.

James Edwin Zunts, Clegg & Quintero, and William Charles McLeod, for appellants. Mark Mayo Boatner (Martin Henry Manion, of counsel), for appellee.

LAND, J. This case involves the construction of Act No. 45, p. 102, of 1904, and Act No. 109, p. 173, of 1906, to carry into effect articles 235 and 236 of the Constitution, and imposing taxes on inheritances, legacies, and donations mortis causa.

The deceased departed this life in the city of New Orleans on or about January 11, 1906, leaving one parcel of real estate and personal property, consisting mostly of bonds, to the amount of $46,072.90.

The decedent died intestate, and there was no administration of her estate. The heirs accepted the succession purely and simply, and on February 7, 1906, were by judgment of the proper court recognized as the only legal heirs of the deceased, and were ordered to be put in possession of all the property belonging to the estate. The piece of realty was sold by the heirs in April, 1906. By agreement of counsel five bonds were sold, and the proceeds to the amount of $4,724.25, was deposited in the registry of the court, the same there to remain and to abide the determination of the question whether there was due to the state by said heirs any inheritance tax under Act No. 45 of 1904; such tax as may be found due to be paid out of said deposit as far as the same will go.

In December, 1906, the heirs filed a rule to show cause why the inheritance tax due by them should not be fixed at 5 per cent. on $3,224.90, the actual cash value of the estate of the decedent at the time of her death, less debts and property which had borne its just proportion of taxation, and why the balance of the deposit, amounting to $4,565.01, should not be paid over to the heirs.

The case was tried on an agreed statement of facts, and there was judgment fixing the inheritance tax at 10 per cent., pursuant to Act No. 45, p. 102, of 1904, on the amount of $45,509.60, payable out of the sum deposited in the registry of the court.

The heirs have appealed, and the case presents two questions of law for determination. The first is whether the tax should be fixed at 5 per cent., as provided by Act No. 109, p. 173, of 1906, or at 10 per cent., as provided by Act No. 45, p. 102, of 1904; and the second is as to the property which should be deducted as having borne its just proportion of taxation.

1. Appellants' contention is that Act No. 45, p. 102, of 1904, was repealed by Act No. 109, p. 173, of 1906. The first act provided that the inheritance tax shall be collected "on all successions not finally closed and administered upon and on all successions hereafter opened." Section 1. As the succession was opened in January, 1906, it became subject to the inheritance tax as fixed by Act No. 45, p. 102, of 1904. Section 25 of Act No. 109, p. 178, of 1906, provides that the act "shall affect all successions not finally closed or in which the final account has not been filed."

There can be no question that the succession of Miss Georgine Pritchard was closed by the judgment recognizing the heirs and ordering them to be put in possession. The heirs went into possession and disposed of a portion of the property inherited. The tax was due by them as heirs, and, having made a satisfactory arrangement for its payment, there was no legal obstacle to their being placed in possession. Act No. 109, p. 173, of 1906, has no application to this case, as the succession was closed before the statute was adopted.

Act No. 109, p. 173, of 1906, contains no repealing clause, and there is no repugnancy between its provisions and those of act No. 45, p. 102, of 1904, except as to the rate of the inheritance tax, which was reduced from 3 to 2 per cent. on direct inheritances and donations to ascendants or descendants, and from 10 per cent. to 5 per cent. on all other inheritances and donations. The act of 1906 supersedes the act of 1904 as to all successions "not finally closed or in which the final account has not been filed." As to such successions the reduction of the percentage is applicable. The movers in the rule admit that they owe an inheritance tax, but claim the benefit of the reduction as provided by the act of 1906. As their case does not fall within the purview of said statute, it follows that the rate must be fixed pursuant to the act of 1904. The argument that the act of 1906 operated an absolute repeal of the act of 1904, and a total remission of the tax, is contrary to the judicial admission of the owners that they owe a 5 per cent. tax on their inheritance. Their construction, as shown by the pleadings, is that the last statute operated simply a reduction of the rate.

A comparison of the two acts will show, we think, that the act of 1906 was not intended to repeal the act of 1904, as to successions already closed or in which final accounts had not been rendered. There is nothing in the act of 1906 which tends to the conclusion that the lawmaker intended to remit inheritance taxes due the state on successions closed or in which final accounts had been rendered. Such a construction would operate an unjust discrimination against heirs and legatees who had paid their taxes under the act of 1904, and would furnish good grounds for the restitution of all the taxes collected under the provisions of said statute. In the case at bar the tax was due and exigible in February, 1906. It should have been paid before the heirs were sent into possession. The payment of the tax, when the amount should be fixed, was, however, provided for by a deposit of money in the registry of the court, out of which any inheritance tax found due the state under Act No. 45, of 1904 was to be paid. The state acquired a vested right in said fund to the extent of the tax due under the statute. The deposit operated as a payment of the lawful claims of the state. This was the understanding of the parties and of the court, as under section 2 of Act No. 45, p. 102, of 1904, it was the duty of the judge to require satisfactory proof that the succession was not liable to an inheritance tax before granting an order placing the heirs in possession.

But, even if we consider that Act No. 45, p. 102, of 1904, was repealed by Act No. 109, p. 173, of 1906, and that the deposit did not

operate a satisfaction of the tax, the result would not be different. The precise question was considered and determined in the case of Arnand's Heirs v. His Executors, 3 La. 336, in which the court, speaking through Justice Martin, said:

"The second item was properly admitted. The tax of 10 per cent. laid by the act of 1828, was, indeed, repealed in 1830; but in the mean time the testator had died, the appellant had acquired a right to three legacies, and the state another on the existing tax. Whatever may be the effect of the repeal of a law in criminal matters, it leaves all civil rights acquired under the law unaffected. This tax cannot be assimilated to a forfeiture which presupposes an offense."

2. Article 225 of the Constitution of 1898 empowers the Legislature to levy solely for the support of the public schools a tax upon all inheritances, legacies, and donations, with certain exceptions. Article 236 reads as follows:

"The tax provided in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance."

In Succession of Kohn, 115 La. 71, 38 South. 898, we held that the foregoing exception should be strictly construed, and should not be extended by implication to property not plainly and clearly within its terms, such as state and municipal bonds exempt from taxation, and shares of stock not taxed, though the corporation may have been taxed on its property.

In the case at bar it is argued that the tax should not be enforced on the bonds belonging to the estate, because in 1905 the decedent sold certain real estate on which the taxes had been paid, and with the proceeds of the sale during the same year purchased the bonds, which she owned at the time of her death in January, 1906. It is not contended that any taxes have ever been paid on these bonds by Miss Pritchard, or by any prior owner; but it is argued that as the de-

cedent had paid all taxes assessed against the real estate, which was sold in 1905, and with the proceeds of the sale purchased the bonds in question, the latter must be considered in the light of property which has borne its just proportion of taxes. There would be weight in this contention if the article had exempted from the enforcement of the tax persons who have paid all the taxes assessed against them. But, as the law excepts property inherited, we cannot construe the article so as to substitute persons for property, or property formerly owned by the decedent for the property inherited. The question of the exemption of property from the inheritance tax can only arise after the opening of the succession by the death of the decedent. The right of the heirs and of the fisc must be determined by the state of facts then existing. That other property formerly owned by the decedent may have borne its just proportion of taxes is a matter entirely foreign to the inquiry.

Judgment affirmed.