Statement of the Case.
NICHOLLS, C. J.
Patrick M. Westfeldt, a resident of New Orleans, was survived by .a widow and three children.
His will bequeathed a third of his property to his widow, and to his children the residuum in equal portions. His estate situated in the state of Louisiana consisted of the following:
Stocks valued at.$26,585
Bonds valued at. 9,810
Interest in real estate valued at. 2,200
Household furniture. 670
■Cash. 4,921
Total value..$44,186
The deceased left also a large quantity •of real estate situated in North Carolina.
Of property left in Louisiana the legacy amounts to $14,728.66, and the share of each •of the children to $9,819.23. Including their interest in the North Carolina real estate, the children inherit more than $10,000 each.
Among the assets of the succession in Loui•siana is an undivided interest appraised at $500 in a parcel of real estate, in respect to •which it was admitted:
“That the inscriptions in the tax collector’s -office, the city treasurer's office, and the office of the recorder of mortgages for the state tax •of 1878 and the city tax of 1883 (thereon) were canceled under a judgment date'd October 7, 1881, on a rule taken in the matter of the Succession of E. Charles, former owner of the ■said property, * * * and that the grounds •on which the said judgment was prayed for were that the assessments of the said property •for said years were insufficient, that the same were in the name of a person deceased, that the description therein was not sufficient to 'identify the property, and that the said taxes ■were prescribed."
On the 6th of March, 1908, a motion was ¡made in the matter of said succession by Mrs. Westfeldt, widow in community of P. M. Westfeldt, and as the natural tutrix of her minor child Jane McC. Westfeldt, and by Louisa B. Ogden, dative tutrix of Patrick M. West-feldt and Lula Westfeldt, children of P. M. Westfeldt by a former marriage, in which the movers suggesting to the court that the estate of the deceased consisted of the following assets (describing the assets as here-inbefore given), valued at $44,186; that under the will one-third goes to the widow as legatee, to wit, $14,728, leaving a balance to the three minor heirs of $29,458, or the share of each heir $9,819.23, less than the minimum amount assessable for inheritance tax under the statute; and suggesting further that the stock in the Hibernia Bank & Trust Company, amounting to $6,330, is exempt, and the real estate, amounting to $2,200 is also exempt, making a total of $28,580, of which said widow as legatee received one-third, or $2,860, which is to be deducted from her «hare of said estate, $14,-728, thus leaving a balance of $11,868, on which alone an inheritance tax of 5 per cent, is due, to wit, $593.40; prayed that Thomas Connell, clerk of the civil district court, ex officio tax collector of the inheritance tax, be ordered to show cause why he should not receive, in full settlement and satisfaction of the inheritance tax due by the estate of Patrick M. Westfeldt, the said sum of $593.40.
The court ordered a rule on Thomas Con-nell to issue as prayed for. On the trial of the rule, the district court rendered judgment fixing the sum of $618.40 as the inheritance tax due by the succession, its heirs, instead of $575.40.
The judge assigned the following reasons for his judgment:
“I find that property inventoried at $500, being a lot of ground bounded by [giving the description of the lot], escaped taxation for the state tax of 1878 and the city tax of 1883 (i. e.. the taxes for those years have not been paid).
“(1) This, it seems to me, makes the succes *839 sion liable for the inheritance tax of 5 per cent, on the value of the property as inventoried, viz., $500, or a tax of $25.
“Escaping taxation because of informalities in assessment when the duty of the owner was to have it assessed is not ‘paying a just proportion of the general taxation.’
“(2) Careful consideration has convinced me that the land of the succession situated in the state of North Carolina is not subject to the inheritance tax levied by the state of Louisiana.
“It is true the title of the heirs of the., deceased under the inheritance law, or by the terms of his will, to the North Carolina lands, is fixed by the law of this state; but that title, quoad the land situated in North Carolina, may be subject to such regulations as the law of that state has ordained or may ordain, and the land itself is subject to taxation, by that state, alone. It may or may not be the subject of an inheritance tax, when the widow and heirs of the deceased go there with the Louisiana evidence of their title to claim and control it.
“The courts of this state can have no power of administration over said lands. It would seem that it must be the subject of an ancillary administration or other probate proceeding in the court of North Carolina having jurisdiction over its situs.
“On the consideration of well-settled law, and others easily suggested, it seems to me that the value of that land cannot figure in arriving at the total of this Louisiana succession, on which the inheritance tax is to be calculated.
“If the property in North Carolina was personal property, the Louisiana inheritance tax might attach to it under the rule, ‘Mobilia per-sonam sequuntur,’ but as it is land, subject to taxation, and to administration and general domestic regulation exclusively by the law and jurisdiction of its situs, I think it is beyond the power of this state (Louisiana) to deal with it as the basis for the imposition and collection of an inheritance tax.”
The clerk of the civil district court, as ex officio tax collector of inheritance taxes, has appealed.
Opinion.
Act 109, p. 173, of 1906, is entitled:
“An act to carry into effect articles 235 and 236 of the Constitution and to levy taxes solely for the support of the public schools and all inheritances, legacies and other donations mortis causa, to provide exemption therefrom, to prescribe the manner of collecting the same, to fix the fees of attorneys and commissions of tax collectors and to repeal all conflicting laws.”
Articles 235 and 236 of the Constitution Of 1898 which it was the purpose of that act to “carry into effect” were as follows:
“Art. 235. The Legislature shall have power to levy solely for the support of the public schools, a tax upon all inheritances, legacies, and donations; provided no direct inheritance, or donation to an ascendant or descendant, below ten thousand dollars, in amount of value shall be so taxed, provided further, that no such tax shall exceed three per cent for direct inheritances and donations to ascendants or descendants and ten per cent for collateral inheritances provided bequests to educational, religious or charitable- institutions shall be exempt from the tax.
“Art. 236. The tax provided for in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes prior to the time of such donation or inheritance.”
The first section of Act No. 109 of 1906 declares that:
“There is now and shall hereafter be levied solely for the support of the public schools on all inheritances, legacies and other donations mortis causa, to or in favor of the direct descendants or ascendants of the decedent, a tax of two per centum, and on all such inheritances or dispositions to or in favor of the collateral relatives of the deceased or strangers, a tax of five per centum on the amount of the actual cash value thereof, at the time of the death of the decedent.”
Section 2 provides that said tax shall not be imposed in the following cases:
(a) On any inheritance, legacy, or other donation mortis causa to or in favor of any ascendant or descendant of the decedent below $10,000 in amount or value.
(b) On any legacy or other donation mortis causa to or in favor of an educational,, religious, or charitable institution.
(c) When the property inherited, bequeathed, or donated shall have borne its just proportion of taxes prior to the time of such donation or inheritance.
The syllabus of appellees’ brief is as follows:
“The overwhelming weight of authority is that the inheritance tax is a special tax, and, being such, must be construed strictly against the government, and favorably to the taxpayer, so that citizens cannot be subjected to special burdens without clear warrant of law. 27 Am. & Eng. Ency. of Law, 310; Succession of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709; State ex rel. Foot v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L. R. A. (N. S.) 732 (subdivision 6).
*841 “There is nothing in the dicta laid down in the Successions of Levy, Kohn, or Pritchard which militates against this rule.
“(2) Real estate situated in states other than Louisiana cannot be taken into consideration for any purpose in either the assessment or calculation of an inheritance tax. imposed by a Louisiana statute. See Swift Case, quoted above (also 18 L. R. A. 709); Am. & Eng. Ency. of Law, 347; Bittinger’s Estate, 129 Pa. 338, 18 Atl. 132; In re Handley, 181 Pa. 339, 37 Atl. 587; Connell v. Crosby, 210 Ill. 380, 71 N. E. 350.
“(3) Articles 225, 235, and 236 of the state Constitution of 1898 were adopted contemporaneously, and must be construed together. This is the more apparent since this court has already found ‘that the makers of the Constitution of 1898 misapprehended the nature of an inheritance tax.’ Succession of Kohn, 115 La. 75, 38 South. 898.
“Hence, such a construction as is placed by the state inheritance tax collector upon these articles, which would impose an unequal, an ununiform burden because of discrimination in amount and capacity to receive, must be discountenanced.
“(4) The prepositions ‘under’ and ‘below’ have different significations. (See Century Dictionary.) The word used in the Constitution, being ‘below,’ must mean that a tax can be assessed only on the complementary part of a donation above 810,000.
“The interpretation we here contend for would make said tax equal and uniform. Compare Schwartz v. Ferris, 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218 (subdivision 3); Drew v. Tifft, 79 Minn. 175, 81 N. W. 839, 47 L. R. A. 525, 79 Am. St. Rep. 446.
“(5) Where property has been assessed continuously for a period of 37 years, and paid its taxes every year but one, which a former owner had had canceled because of an illegal assessment, it cannot be said to have ‘borne its just proportion of taxation,’ to justify the imposition of an inheritance tax upon the estate of a subsequent deceased owner who was never personally responsible for said tax. People’s Homestead v. Garland, 107 La. 476, 31 South. 892; Succession of Mercier, 42 La. Ann. 1145, 8 South. 732, 11 L. R. A. 817.”
The syllabus on behalf of the appellant is as follows:
“(1) The inheritance tax levied by Act 109 of 1906 pursuant to article 235 of the Constitution is one of general incident, and the exemptions therefrom established by the act and by the provisions of the Constitution, like all other exemptions from taxation, are to be strictly construed. This proposition is stare decisis in Louisiana. Succession of Levy, 115 La. 377, 39 South. 37, 8 L. R. A. (N. S.) 1180; Succession of Kohn, 115 La. 71, 38 South. 898; Succession of Pritchard, 118 La. 887, 43 South. 537.
“(2) Real property situated beyond the territorial limits of the state cannot, of course, be subject to taxation by the state, hut nothing prevents the Constitution or lawmaker, in fixing the value below which inheritances shall be exempt, from taking into consideration as well the property situated without the state as within.
“The policy and object of the Constitution and the statute being to impose on rich heirs a burden of taxation from which they relieve poor ones, it is immaterial, for the purpose of determining the right to exemption, where the property may be which is inherited. The question of exemption being settled; the tax, of necessity, will apply to the inheritance of such property only as it devolves on the heir by the effect of our laws.
“(3) The Constitution (article 235) and the inheritance tax statute (Act No. 1Ó9 of 1906, § 2a) exempt all inheritances falling to ascendants or descendants ‘below ten thousand dollars in amount or value.’ It is not said of such inheritances, $10,000 in amount or value shall be exempt. If, therefore, an inheritance be below that amount or value, it is exempt; if not below, it falls wholly outside the exemption, and is taxable. Succession of Abadie, 118 La. 708, 43 South. 306; Gelsthorpe v. Furnell, 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 175; Billings v. People, 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807; State v. Alston, 94 Tenn. 674, 30 S. W. 750, 28 L. R. A. 180; Magoun v. Bank, 170 U. S. 288, 18 Sup. Ct. 594, 42 L. Ed. 1037; Knowlton v. Moore, 178 U. S. 55, 20 Sup. Ct. 747, 44 L. Ed. 969; Plummer v. Coler, 178 U. S. 133, 20 Sup. Ct. 829, 44 L. Ed. 998.
“(4) Property which has escaped taxation has not borne its just proportion of taxation. In order that it shall have borne its just proportion of taxation, it must have been assessed and the taxes paid. Succession of Kohn, 115 La. 71, 38 South. 898; Succession of Levy, 115 La. 385, 39 South. 37, 8 L. R. A. (N. S.) 1180.
“The exemption under article 236 of the Constitution and paragraph ‘c’ of section 2 of the statute is not made to depend on the performance or nonperformance by the decedent of his duty to pay taxes during his ownership. It is not said that the son shall be exempt from inheritance tax if the father has paid all his annual taxes, but that the heir shall be exempt provided the property inherited shall have borne its just proportion of taxation. The exemption, therefore, results not from a characteristic of the decedent, but from a characteristic of the property found in his succession at his death. Succession of Pritchard, 118 La. 887, 43 South. 537.”
The first question to which we direct our attention is the one submitted to us for decision by the appellants in a prayer for an amendment of judgment, whether or not the city lot valued at $500, upon which the state tax for 1878 and the city tax for 1S83 were *843 not paid, has to be included in ascertaining the amount which the succession must reach in order to make the inheritance tax apply to it, for the reason that it has not borne its Just proportion of the burden of taxation. It is urged on tire part of the collector of the tax that it makes no difference how far back in the past the failure to pay taxes may have occurred, nor who the owners of the lot may have been at that time; that the fact itself that it escaped taxation controls the situation, independently of time or ownership or cause.
We are of the opinion that the provisions of the Constitution touching liability for an inheritance tax, and the provisions of the statute carrying those articles of the Constitution into effect, do not extend or reach back to conditions anterior to the Constitution itself; that the Constitution looked to the present and the future, and not to the past.
In Succession of Stauffer, 119 La. 70, 43 South. 028, this court said that the statutes in question (the same remark applies to the Constitution) should, if possible, be not construed so as to give them retroactivity. Were we to hold otherwise, there would be no place in the past at which we could stop. We cannot assume that the members of the convention intended to bring about such unreasonable results as would follow adopting the construction of the Constitution and the statutes pressed upon us when they can be avoided by applying the well-recognized rule of construction of the Constitution and statutes which we have announced. There is nothing in the language of the Constitution which would lead us to place an exceptional construction upon these articles.
-The next question we take up for discussion is, whether the value of the land in North Carolina is to be taken into consideration for the purpose of determining the value of the succession of Westfeldt.
That question is important, inasmuch as, by the Louisiana inheritance tax law, the value of the succession is made the principal factor upon which is made to depend the liability of the heirs and legatees therein to' pay that tax.
In presenting the position taken by the collector of the tax on that question, his counsel say:
“The Judge of the- district court, under the persuasions of counsel’s ingenious and able-presentation, has fallen into the misapprehension that argument was for the imposition ox a tax on real property situated beyond the limits of the state. We did not so contend, and that is not a necessary and logical conclusion from our argument. AVe are perfectly well acquainted with the authorities by which it is settled to the contrary, and regret that we were understood to argue such a legal absurdity.
“What we do contend is that, in determining what exemption it will allow from taxation on inheritances subject to its control, a Legislature may consider, and that our constitutional convention and Legislature have considered, the whole value of the inheritance, without restricting the operation of the clauses of exemption to the property situated within the state. That is another matter entirely. Counsel will point out as a fault in this argument that it requires a more extended meaning ór application to be given the word ‘inheritance’ in section 2 of the act than to the same word in section 1. Even if it required not merely a more extended but a different application, that would not apply unsoundness. No rule of rhetoric imposes on the writer of laws or novels in every work, or in every chapter or sentence of any work, or clause of any statute, the necessity of always using but one of the varying meanings of our elastic English words. Words change with the context, and with equal precision mean one thing in one place and another meaning in another place. But we have here a limitation of application, not a difference of meaning. In the first section -which levies the tax, the word ‘inheritance,’ which, being without express restriction, is broad enough to include the acquisition by succession of a mine in Kamchatka or a farm in South Africa, is yet of necessity restricted by the limits of the powers of the state over persons and property.
“In the second section — that providing for exemption — the word is again used without express restriction, but differently from the levying section. No implied bounds can be set to its universal application, because in that field the power of the state is without limit.
“Counsel confesses that he is able to find but one case, that of Connell v. Crosby, 210 Ill. 392, 71 N. E. 350, which he can ask the court to take as authority in support of his view.
“In that case, the deceased left real and personal property in Illinois, and real property in several other states. The Illinois inheritance tax applies, like ours, only to the residue ,of *845 the estate coming to the heirs after payment of the debts, not to the gross estate. Tne deceased owed debts, all generally demandable against his estate, and none attached by lien or mortgage to any specific piece of real estate. The court held, as of course, that the state could not tax a transfer .by succession, not taking place by virtue of its laws, and that no tax was due on the inheritance tax of real' estate situated in foreign states. In arriving at the residue which was inherited by the effect of the laws of Illinois, the court deducted from the Illinois property the debts which, were owed. It is seen, therefore, that the court was not concerned with fixing an exemption alone, but only with ascertaining what it was that passed by the Illinois law of inheritance. It was construing the levying clause, not the clause of exemption. Even so, the court said that if it had found that any of the debts were secured on foreign real estate, or were specifically demandable in a state where any of the real estate was situated, the case might be different. This authority is therefore not in point.”
In another place, counsel say:
“The policy of exempting small inheritances because of the lesser ability of the heir to pay, and of placing the burden of the tax on large inheritances because of the greater ability of the heir to bear it, is one. which has appealed to all Legislatures which have established the system of taxation of inheritances as fair. A $20 tax on a $1,000 inheritance might be thought oppressive, but a $1,000 tax on a $1,-000,000 inheritance is barely-felt.
“Looking at the question from the standpoint of the reason which underlies the exemption and, if need be, bearing in mind the construction which must be given to the clause of the statute establishing it, what difference can it make that a portion of the inheritance is of property situated outside of the state? Is the heir, for that reason, less able to pay the tax levied on the portion which he gets here, and will.his burden be heavier? We cannot see it.”
Counsel for appellee urge that the trend of all decisions is that the inheritance tax is not per se a tax on property, but a tax'on the right to receive or inherit property. Understood, it is not the right to transmit, but the right and privilege to receive, that is taxed. They contend that the real estate situated in North Carolina was not, and is not, inventoried here; that no law of the state of Louisiana could impose directly or indirectly any tax thereon; that it could not, and cannot, be subject to the protection of the state of Louisiana; and, furthermore, so far as the descent and distribution of the North Carolina property are concerned,-'the principle is fundamental that the laws'- of North Carolina govern in all rfespects; that the' Westfeldt heirs do not take the real és-tate' in North Carolina by virtue of any law of the state of Louisiana,- as heirs, nor do they take it under the will, unless the will conforms to the North Carolina law.
The executor has no control over the North Carolina estate; is not entitled' to commissions thereon, nor can he do any act under his appointment from the Louisiana court; that he has to be 'appointed by the court where the “res” is situated before administering. He is not and cannot be charged with the collection of an inheritance tax on the North Carolina real property. The word “inheritance” in both sections 1-and 2 of the law must be given the same meaning, unless the context of 'the' law clearly and beyond doubt requires a different meaning to be attached, and there is nothing in the inheritance law of Louisiana calling for such a difference of meaning; that, that law requiring that all property which has not had its just proportion of the burden of taxation should be included for the purposes of the assessment tax against the minors, the consequence would be that if the North Carolina real estate has not paid its just proportion of taxation it could be included in the assessment of the inheritance tax against the minors in excess of the $9,819.23 above referred to.
We have carefully weighed the arguments advanced by both parties as to this question, and are satisfied that the conclusions reached by the trial, court are correct. The inheritance law is unquestionably dealing with a Louisiana succession alone, and With the right and the privilege which has been conferred' upon the heirs and legatees therein of receiving by inheritance under the laws of Louisiana. The word “inheritance” in the first and second sections of the act must, *847 in the application of the law, be held, to have the same meaning and scope. The heirs and legatees of P. M. Westfeldt do not receive by inheritance under the laws- of Louisiana the real estate in North Oarolina. It is the right and privilege conferred upon heirs and legatees in a succession of receiving by inheritance which is the basis upon which the inheritance tax rests. The Legislature must reasonably be supposed to have measured the burden it imposed for the right and privilege granted by the extent of the right and privilege which it has itself conferred, and not upon that which has been conferred by the laws of another state.
Counsel of the collector of the tax in their brief say that:
“If the court be not with them on the first question it will not be necessary for it to pass upon the second question which it has submitted to us, for the reason that portion of the inheritance which is composed of property in Louisiana is below $10*000 in value.”
The question referred to is:
“Whether the heirs, in a succession where the portion falling to them is above $10,000 áre liable for an inheritance tax not only on the basis of the excess above $10,000, but on the whole amount of the inheritance received by them.”
Por the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be amended so as to fix the amount of the inheritance due by the succession of Patrick M. Westfeldt and the heirs therein at $573.40, instead of $618.-40, and, as so amended, it is hereby affirmed.