O’NIELL, J.
John W. Harrow had his only residence and domicile in Pass Christian, Miss., where he made his will according to the laws of that state on the 9th of July, and died on the 26th of August, 1915. The only property of the succession in Louisiana consists of a deposit of $1,305.10 to his credit in a bank in New Orleans, and the following personal property in a private bank box in the same bank, viz.'jewelry appraised at $100, bonds appraised at $15,870, and promissory notes appraised at $30,380.29. The promissory notes are the obligations of parties residing and domiciled in Mississippi and are payable in that state. All of the heirs and legatees to whom the property was trans *571 mitted at the death of John W. Harrow have their residence and domicile outside of the state of Louisiana, except an orphan asylum in New Orleans, entitled to a legacy of $1,-000 under the will. The testamentary executors also have their domicile and residence outside of this state. \
The bank refused to deliver to the executors the cash, jewelry, bonds, and promissory notes belonging to the succession, without an order of court, relieving the bank from responsibility for the payment of an inheritance tax. The executors proceeded by rule against the tax collector to show cause why the property should not be exempt from an inheritance tax. The tax collector answered that the property was subject to an inheritance tax of 5 per cent, under Act No. 109 of 1906. Judgment was rendered in favor of the tax collector, dismissing the rule, and the executors have appealed.
The bequest of $1,000 to the orphan asylum in New Orleans is exempt from the inheritance tax by the express provision of section 2 of Act No. 109 of 1906 that the tax shall not be imposed on any legacy or donation to a charitable institution.
In the precise language of the statute, the inheritance tax is levied, not on the property of the succession, but on the inheritance or donation haortis causa; that is, on the right to inherit or to receive by testamentary disposition. See Succession of Levy, 115 La. 377, 39 South. 37, 8 L. R. A. (N. S.) 1180, 5 Ann. Cas. 871; Succession of Westfeldt, 122 La. 836, 48 South. 281; Knowlton v. Moore, 178 U. S. 57, 20 Sup. Ct. 747, 44 L. Ed. 969.
The Court of Errors and Appeals of New Jersey, in Neilson v. Russell, 76 N. J. Law, 655, 71 Atl. 286, 19 L. R. A. (N. S.) 887, 131 Am. St. Rep. 673, held that an inheritance tax levied by a statute of that state could not be imposed or computed on capital stock in a New Jersey corporation, belonging to a testator who was domiciled in England. The 'court, in its opinion, said that the inheritance tax was not a property tax; that the rights of testamentary disposition and of succession were creatures of the law; and that the only authority that could impose terms or conditions upon the exercise or operation of the right of testamentary disposition and succession was the authority that created the right.
In Plummer v. Coler, 178 U. S. 115, 20 Sup. Ct. 829, 44 L. Ed. 998, it was said:
“The right of an individual citizen and resident of the state to direct the descent of his property by will or permit its descent to be regulated by the statute, as well as the right to receive the property of his testator or ancestor as legatee, devisee, or heir, is derived from and regulated by the state.”
That decision was cited and followed by this court in Foreman v. Fontenot, 131 La. 926, 60 South. 618, where it was said:
“An inheritance tax is a tax on the privilege of acquiring property by will or inheritance, and is not a tax on the property inherited.”
The attorney for the tax collector relies upon the decision of the Supreme Court of the United States in Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439. But the ruling in that case does not appear to be appropriate to the case before us. The New York statute under consideration, in its precise language, imposed the tax —
“upon the transfer of any property, real or personal, * * * when the transfer is by will or intestate law, of property within the state [of New York], and the decedent was a nonresident of the state at the time of his death.” Laws N. Y. 1896, c. 908, § 220, as amended by Laws 1$97, c. 284, 3 Rev. Stat. Codes & Gen. Laws (3d Ed. 1901) p. 3592.
The only objection urged to the payment of the tax was that the property, being personal property, was, by a legal fiction, at the domicile of its owner, in Illinois, and not within the state of New York. The Supreme Court of the United States,' following the decisions of the state court, construed the statute of the state of New York as imposing the trans *573 fer tax on the transfer of the property in question, according to the precise terms of the statute.
The transfer of the cash, jewelry, bonds, and promissory notes of John W. Harrow, although the property was actually in New Orleans, took place in Mississippi, under and by virtue of the laws of that state. The transfer or transmission of the title from John W. Harrow, to his heirs or the legatees named in his will was not by operation of any law of the state of Louisiana.' And we think the Legislature of this state did not intend to impose any terms or conditions upon a right to inherit, or to receive by testamentary disposition, created by the laws of another state, personal property belonging to a resident of that state. As was said by the then Chief Justice, in the Succession of Westfeldt, supra, our inheritance tax law deals only with Louisiana successions, and with the right and privilege of receiving by inheritance or testamentary disposition under the laws of this state. It is the right and privilege conferred upon heirs and legatees of receiving by inheritance or by testamentary disposition that is the basis on which the inheritance tax rests. The Legislature of this state is supposed to have measured the burden it imposed, for the right and privilege granted, by the extent of the right and privilege which it has itself conferred, and not upon that which has been conferred by the laws of another state.
The judgment appealed from is annulled, and it is ordered that the money, jewelry, bonds, and promissory notes described in the inventory of this succession be delivéred to the executors, exempt from the inheritance tax.