BUTTE LAND & INVESTMENT CO., RESPONDENT, *v.*
SHEEHAN, COUNTY TREASURER, APPELLANT.

(No. 3,047.)

(Submitted December 14, 1911. Decided December 28, 1911.)

[120 Pac. 241.]

*Taxation—Corporations—Capital Stock.*

1. *Held*, that, under Constitution, Article XII, section 7, the authorized capital stock of a corporation engaged solely in a general real estate business and which does not own any of its capital stock, was not taxable, as such, against the corporation.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by the Butte Land & Investment Company against Michael J. Sheehan, county treasurer of Silver Bow county, substituted for Anthony Shovlin, former treasurer of the county. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. Albert J. Galen*, Attorney General, and *Mr. W. H. Poorman*, Assistant Attorney General, submitted a brief in behalf of Appellant.

*Messrs. Maury & Templeman*, and *Mr. J. O. Davies*, for Respondent, submitted a brief. *Mr. Templeman* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff is a corporation organized and existing under and by virtue of the laws of this state, having an authorized

capital stock of $200,000, divided into 20,000 shares of a par value of $10 each. It is engaged in a general real estate business. It has never engaged in the banking business, and is not the owner of any of its own capital stock. In 1909 it listed and returned to the assessor of Silver Bow county certain property upon which the assessor placed a cash valuation of $56,760; and in addition thereto he wrote upon the assessment list these words: "Capital stock less real estate, $143,240." Some claim is made in the answer, and was attempted to be advanced at the trial, that this sum of $143,240 was intended to represent the value of "various real and personal property, other than the real estate and personal property returned by the plaintiff to the assessor, which said other real and personal property constituted part of the capital stock of the plaintiff, and was of the cash value of $143,240." It is manifest from the clear and unambiguous terms employed by the assessor, however, and from the testimony in the record, that the words "capital stock" were intended to mean, and did in fact refer to, the authorized capital stock of the corporation as such. Note that the value of the property returned, $56,760, and the added amount of $143,240 make up the sum of $200,000, the authorized capital stock of the corporation. Such proceedings were taken by the taxing authorities in Silver Bow county that the plaintiff was obliged to pay the sum of $2,908.71 as taxes upon the added item of "Capital stock, less real estate, $143,240." The payment was made under protest, and this action was brought to recover the amount. Plaintiff had judgment in the court below, and this appeal resulted.

The only question involved is whether the authorized capital [1] stock of plaintiff corporation is taxable, as such, against the corporation. It must be answered in the negative. Section 7 of Article XII of the Constitution declares that all corporations in this state shall be subject to taxation "on real and personal property *owned* * * * *by them*," not exempted from taxation. Section 2510, Revised Codes, provides that the assessor must, between the first Monday of March and the second Monday of July in each year, ascertain the names of all taxable

inhabitants and all property in his county subject to taxation, except such as is required to be assessed by the state board of equalization, and must assess such property *to the persons by whom it was owned* or claimed, or in whose possession or control it was, at 12 o'clock noon of the first Monday of March next preceding.   Indeed, the manifest intent of our revenue laws generally is that property shall be assessed to the owner.   If there are exceptions to this rule, as some provisions of the Revised Codes seem to indicate, this case does not furnish one of them. It is unnecessary to decide whether the stockholders of plaintiff corporation may be taxed upon the stock owned by them.   That question is not before us.

Judge Cooley, in his work on Taxation, second edition, volume 1, page 26, said: ''Shares of a corporation are also the shares of the stockholder, wherever he may have his domicile, and if taxed to him as his personal estate are properly taxable by the jurisdiction to which his person is subject, whether the corporation be foreign or domestic.   But the state  *  *  *  may, and sometimes does, provide that the shares of stockholders shall be taxed at the place of corporate business, and the tax be paid by the corporation for all its members.''   Since the plaintiff corporation is not the owner of any of its own stock, and the state has not required it to pay the taxes of its stockholders, it follows that the judgment of the district court was correct, and should be affirmed.   It is so ordered.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY · concur.