TONG, Appellant, *v.* MAHER, Treasurer, Respondent.

(No. 3,082.)

(Submitted February 14, 1912. Decided March 2, 1912.)

[122 Pac. 279.]

*Taxation—Mines—Net Proceeds.*

Taxation—Assessment—Taxation of Mines.
  1.  Under Constitution, Article XII, section 3, and Revised Codes, sections 2500, 2571, the net proceeds of all mines and mining claims are taxable the same as other personal property, and the assessor need not follow up the proceeds thereof, the tax being a lien on the mine itself until paid.

Same—Assessment—Engaged in Mining.
  2.  The owner of a mine, entitled to part of the proceeds as royalty, objected to the imposition of a tax upon his share of the proceeds on the ground that he was not engaged in mining. Revised Codes, section 2563, provides that every person, corporation, or association engaged in mining must make out a statement of the gross yield from each mine, which must be verified and delivered to the assessor. *Held* that, the owner being entitled to part of the proceeds of the mine, the tax should be imposed upon him, for all property must be assessed to the owner, and it was immaterial whether or not he was engaged in mining.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Julia E. Tong, executrix of the last will and testament of George H. Tong, deceased, against James Maher, county treasurer of Silver Bow county, Montana. From a judgment for defendant, plaintiff appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

*Messrs. Charles R. Leonard, George F. Shelton,* and *Charles A. Ruggles,* for Appellant.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment on the pleadings, rendered by the district court of Silver Bow county, in favor of the defendant, dismissing the complaint.

The facts disclosed by the various pleadings are: That in July, 1904, the assessor of Silver Bow county assessed to the estate of George H. Tong, deceased, "the sum of $98,975 for pretended net proceeds of the Goldsmith quartz lode mining claim for the year ending May 31, 1904." A tax of $2,683.22 was levied pursuant to said assessment. Prior to January 14, 1904, the legal title to the mining claim was held by the State Savings Bank of Butte, as security for the payment of a debt of $67,692.24 incurred by Tong in his lifetime. Of the said $98,975, the sum of $31,282.76 was paid to the plaintiff as executrix, and the balance of $67,-692.24 was paid to the savings bank while it was the owner of the mining claim, to take up certain notes held by it as evidences of the indebtedness aforesaid, and the estate then took over the title to the property. These sums were paid by one Ellingwood, who was working the mine under an arrangement with George H. Tong, now deceased, by which he was to pay twenty-five per cent of the net proceeds to Tong as a royalty. The plaintiff

designates this royalty as "rental only." There is not any suggestion in the pleadings that the balance of the net proceeds, amounting to nearly $300,000, was not properly taxed, and we assume, therefore, that the tax thereon was paid by Ellingwood, although the matter is immaterial. There is an allegation in the complaint that "plaintiff never was engaged in mining upon said claim, nor in operating said mine, personally, or as executrix, or at all." The answer alleges, among other things, "that said Tong in his lifetime, and during all the times mentioned in the complaint, the said estate of Tong was engaged in the actual operation of said mine and in the extraction of ore therefrom." This allegation is denied in the reply. The action was brought to enjoin the county treasurer from selling the mining claim for nonpayment of the taxes aforesaid.

It is contended for the appellant that the pleadings raised a question of fact as to whether Tong, or his estate, was "engaged in mining" within the meaning of section 2563 of the Revised Codes, and therefore the court erred in rendering judgment on the pleadings. The section referred to reads as follows: "Every person, corporation or association engaged in mining upon any quartz vein or lode, or placer mining claim, containing gold, silver, copper, coal, lead or other valuable mineral deposits, must, between the first and tenth days of June in each year, make out a statement of the gross yield of the above-named metals or minerals from each mine owned or worked by such person, corporation or association during the year preceding the first day of June, and the value thereof. Such statement must be verified by the oath of such person, or the superintendent or managing agent of such corporation or association, who must deliver the same to the assessor of the county in which such mine or mines are situated."

Section 3 of Article XII of the Constitution of the state reads, in part, as follows: "The annual net proceeds of all mines and mining claims shall be taxed as provided by law."

Section 2500, Revised Codes, provides that the annual net proceeds of all mines and mining claims shall be taxed as *other per-*

*sonal property.* Section 2571, Revised Codes, declares that such tax "is a lien upon the mines or mining claims from which the ores or minerals are extracted, which lien attaches on the first Monday of March in each year, and the sale thereof for delinquent taxes may be made as provided for the sale of real estate for delinquent taxes."

An analysis of these Code provisions renders the method of [1] procedure thus outlined by the legislative assembly, pursuant to the mandate of the Constitution, for the guidance of the taxing authorities, very plain. The net proceeds of all mines and mining claims are taxable the same as other personal property; but the assessor is not required to follow up such proceeds in order to insure the collection of the tax, or to rely upon the solvency of the person who receives the money. The tax is a lien upon the mine from which the ores or minerals were extracted.

We find in this case an admission on the part of the plaintiff that the sum of $98,975, mentioned in the complaint, was in fact a portion of the net proceeds of the Goldsmith mining claim. The [2] question whether Tong and the Tong estate were engaged in mining is altogether immaterial. Section 2563, Revised Codes, *supra,* simply designates the person, corporation, or association who shall make the statement for the information of the assessor. The statute provides that such person shall be "engaged in mining." But the net proceeds of the mine are nevertheless assessable and taxable against the owner thereof, as personal property, whether the statement is made or not. All property must be assessed to the owner. (*Butte Land & Inv. Co.* v. *Sheehan.* 44 Mont. 371, 120 Pac. 241.) Section 2568, Revised Codes, provides that if a person, corporation, or association engaged in mining refuses or neglects to make the statement required by section 2563, Revised Codes, the assessor must assess according to his own knowledge and information, in the manner provided by law for the assessment of other property where no statement is furnished. While the plaintiff designates the royalties received as "rental only," it is quite clear from the pleadings that these so-called "royalties" or "rentals" were in fact a portion (twenty-

five per cent) of the net proceeds of the mine for the year ending May 31, 1904. It is altogether probable that Ellingwood furnished a statement to the assessor, showing that the plaintiff had received twenty-five per cent of the net proceeds of the mine—$31,282.76 directly, as executrix, and $67,692.24 through the medium of the State Savings Bank—and that this statement was the basis of his assessment against the estate. But, assuming that Ellingwood made no statement, and plaintiff in effect admits that she made none, then the duty devolved upon the assessor to make an estimate of the value of the net proceeds of the mine according to his own knowledge and information and to assess the same to the owner or owners thereof. Any portion of the tax growing out of such assessment which was not paid became a lien upon the Goldsmith mining claim.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.