## GREATER NEW YORK FILM RENTAL CO. v. BIOGRAPH CO. et al.

### (Circuit Court of Appeals, Second Circuit. February 10, 1913.)

#### No. 157, Oct. Term, 1912.

INJUNCTION (§ 3*)—RIGHT TO WRIT—CONTRACT.

> Where, in a suit for conspiracy between defendants to injure complainant's business, it did not appear that defendant B. Company had any contract by which it was bound to furnish complainant with moving picture films for any period of time, complainant was not entitled to a preliminary mandatory injunction restraining the B. Company from refusing to deliver films of its own manufacture as complainant might from time to time order. [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 3; Dec. Dig. § 3.*]

Appeal from the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

Suit by the Greater New York Film Rental Company against the Biograph Company, impleaded with the General Film Company. From an order granting complainant a preliminary injunction against defendant Biograph Company, it appeals. Reversed.

Leventritt, Cook & Nathan, of New York City (David Leventritt, Harold Nathan, and Franklin H. Mills, all of New York City, of counsel), for appellant.

Rogers & Rogers, of New York City (G. A. Rogers and S. E. Rogers, both of New York City, of counsel), for complainant.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The complainant is a so-called film rental exchange engaged in the business of leasing motion picture films from the manufacturers thereof and subleasing them to exhibitors. The Biograph Company is engaged in the business of manufacturing motion picture films. The General Film Company is another film rental exchange engaged in the same business as the complainant. The relief demanded in the complaint is that both defendants be enjoined from conspiring and confederating with each other and with other named persons (individual and corporate) to injure or interfere with the business of complainant by causing the supply of films from the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Biograph Company to the complainant to be in any way curtailed or diminished, or in any other manner to interfere with the business of the complainant. An injunction is prayed for against the Biograph Company forbidding it to deliver any film to the General Film Company, unless the Biograph Company shall continue to furnish such film in equal quantities and upon the same terms to the complainant. An injunction is prayed for against the General Film Company forbidding it from leasing films from the Biograph Company unless the latter company shall continue to furnish films to complainant. Certain other injunctive relief is prayed for against the General Film Company, which need not be referred to.

The motion for preliminary injunction came on to be heard on the bill of complaint and supporting affidavits, and also affidavits submitted by defendants. No preliminary injunction was issued against the General Film Company. The injunction issued against the Biograph Company ordered it to deliver films of its own manufacture to complainant as the latter might from time to time order. Details as to prices and payment need not be here stated. The injunction was mandatory only and the one thing it commanded was that the Biograph Company should sell films to complainant.

The averments as to the details of the conspiracy alleged in the complaint are voluminous, and the argument as to whether or not complainant has made out a cause of action involved much discussion, and suggested various theories. Upon this appeal, however, we are concerned solely with the question whether the specific relief, granted temporarily by the order appealed from, should have been granted.

It is asserted by defendant appellant that at no time prior to the institution of this suit was there any contract between it and complainant, whereby it had agreed to continue to supply complainant with films of its manufacture for any period of time. We find nothing in the record to indicate that there was any such contract, and we do not understand that complainant contends that there was.

This being so, we are satisfied that if all the facts averred in the bill were proved at final hearing and all the inferences of fact which complainant contends for were drawn from the facts thus proved, and that if upon some theory or other of those suggested it were held by the trial court that complainant had suffered wrong at the hands of those whom it alleges conspired to injure its business, and that for such wrong it was entitled to some relief against the conspirators or some of them, it could not obtain specific relief of the sort accorded by this preliminary injunction, viz., a decree compelling the Biograph Company to sell films to complainant against that company's wish. That being so, we are satisfied that this preliminary injunction should be reversed. It cannot be sustained merely on the ground that its continuance until final hearing will injure defendant less than its dissolution will injure complainant.

This may be a hardship to complainant, but it may be noted that seven months have elapsed since the decision in the District Court, and, had complainant been reasonably expeditious, the cause might now be ready for final hearing.

The order is reversed.