(No. 10928.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CARL P. DENNETT *et al.* Appellants.

*Opinion filed December 21, 1916.*

1. INHERITANCE TAX—*shares of stock of foreign corporations owned by a non-resident are not subject to inheritance tax.* Shares of stock of a foreign corporation owned by a non-resident are not subject to an inheritance tax in Illinois when transferred by the will of the non-resident, since the transfer is not one of property within the State, and the right of transfer, or its exercise, does not depend upon the laws of this State. (*People* v. *Griffith,* 245 Ill. 532, followed.)

2. SAME—*no material difference between act of 1895 and act of 1909 subjecting property of non-resident to inheritance tax.* There is no material difference in meaning or effect between the provision of the Inheritance Tax act of 1895 subjecting to taxation the property of a non-resident, which property, or any part thereof or any interest therein or income therefrom, is within the State, and the provision of the act of 1909 taxing property of a non-resident within the State.

3. CORPORATIONS—*relation of a stockholder to the property of a corporation.* A stockholder in a corporation is not the owner of its corporate property or of any share of it in any legal sense, and has only a right to participate in the management of the business and its net profits, and, upon a termination of the corporation, to a proportion of the assets after the payment of corporate debts, and hence his will disposing of shares of stock in a corporation does not transfer any property of the corporation.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

SCOTT, BANCROFT, MARTIN & STEPHENS, for appellants.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Thomas A. Griffin, a resident of Massachusetts, died on August 12, 1914, and by his will disposed of 60,511 shares of common stock and 16,586 shares of preferred stock of the Griffin Wheel Company, a corporation organized under the laws of Massachusetts. The corporation transacted a part of its business in this State and fifty per cent of its tangible property and assets was located within this State. The county court of Cook county, in a proceeding to determine the amount of inheritance taxes payable under the will, found that the stock was taxable to the extent of fifty per cent of its fair market value and included in the inheritance taxes a tax on the same. From the judgment the executors appealed.

The question whether shares of capital stock of foreign corporations, the property of non-residents, were subject to an inheritance tax under the act then in force was given full consideration in *People* v. *Griffith,* 245 Ill. 532, and it was held they were not. Unless there is some good reason for overruling that decision or there has been a material change in the statute the question must be regarded as settled. We are entirely satisfied with the reasoning and conclusion of the opinion in that case and see no reason for overruling the decision as applicable to a transfer of property not within the State, where the right of transfer, or its exercise, does not depend upon the laws of this State. Since that decision the Supreme Court of Massachusetts has considered the same question and reached the same conclusion in *Welch* v. *Burrill,* 223 Mass. 87, and cited the decision of this court as authority on the question. In fact,

counsel for the People do not question the correctness of the decision, but say that it ought not to be followed because it was based on the involved nature of the language employed in the act and therefore the court declined to extend the tax, and that there has been a change in the statute. The vagueness or obscurity in the act then under consideration did not relate to the question of the taxation of shares of stock in a foreign corporation owned by a non-resident and not habitually kept in this State for the purpose of safe-keeping or investment but related to another matter. A comparison of the former act and the present one relating to the taxation of property of non-residents will show whether there has been any change. The act of 1895 (Laws of 1895, p. 301,) defined the property taxable, as follows: "All property, real, personal and mixed, which shall pass by will or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State, or, if decedent was not a resident of this State at the time of his death, which property or any part thereof shall be within this State or any interest therein or income therefrom." The act of 1909 (Laws of 1909, p. 311,) enumerates property upon which inheritance tax can be levied, as follows: "1. When the transfer is by will or by the intestate laws of this State, from any person dying, seized or possessed of the property while a resident of the State. 2. When the transfer is by will or intestate laws of property within the State and the decedent was a non-resident of the State at the time of his death." There is no difference in meaning or effect between the provision of the act of 1895 subjecting to taxation the property of a non-resident, which property, or any part thereof or any interest therein or income therefrom, is within the State, and the provision of the act of 1909 taxing property of a non-resident within the State.

It is further contended by counsel for the People that Thomas A. Griffin had an interest in the property of the

Griffin Wheel Company, and, fifty per cent of that property being located in this State, it came within the terms of the statute. The relation of the stockholder to the property of the corporation has been so long settled by uniform decisions that it is no longer the subject of discussion. The owner of shares of stock in a corporation is not the owner of the property or of any share of the property of the corporation in any legal sense. The stockholders of a corporation completely organized do not hold the relation of partners, and they have neither legal nor equitable title to the property of the corporation. They have only a right to participate in the management of the business and its net profits, and, upon a termination or dissolution of the corporation, to a proportion of the assets after the payment of corporate debts. A stockholder cannot reduce any property of the corporation to possession and cannot convey it or any portion of it or transfer title to it, by will or other means. He has a right to a proportionate share in the profits and a right to any dividend after it has been declared, and he may assign his right or interest by a transfer of his shares of stock, but he is not an owner of any portion of the property of the corporation. (*Sellers* v. *Greer,* 172 Ill. 549; *Cummings* v. *People,* 211 id. 392; *McKeen* v. *County of Northampton,* 49 Pa. St. 519; 10 Cyc. 373; 7 R. C. L. sec. 280; 26 Am. & Eng. Ency. of Law,— 2d ed.—899.) Thomas A. Griffin was a non-resident of this State at the time of his death and did not transfer by his will any property in this State.

The errors assigned and argued relate only to the taxation of the shares of stock of the Griffin Wheel Company, and so far as they are concerned the judgment is reversed.

*Judgment reversed.*