(No. 11158.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN N. BLAIR, Exr., *et al.* Appellants.

*Opinion filed February 21, 1917.*

1. INHERITANCE TAX—*stocks of foreign corporations owned by non-residents are not taxable under Inheritance Tax law.* Shares of stock of foreign corporations owned by non-residents are not taxable under the Inheritance Tax law although such corporations do business and have tangible property in this State. (*People* v. *Cuyler, ante,* p. 72, and *People* v. *Dennett, ante,* p. 43, followed.)

2. SAME—*a debt due the deceased is not taxable under the Inheritance Tax law.* Under the Inheritance Tax law debts due the deceased are not taxable, and where a sum of money is due a testator for the payment of which certain property is held in trust by him by virtue of a trust agreement, the transfer of the amount by will, which directs a sale of the trust property, cannot be taxed.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

MILLER, STARR, BROWN, PACKARD & PECKHAM, (CECIL BARNES, of counsel,) for appellants.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county fixing the amount of tax on certain transfers of property under the last will and testament of Henry

W. Hubbard, who died in New York City on May 21, 1913, being a resident of the State of New York. The deceased owned stock of the Borden's Condensed Milk Company and of the Corn Products Refining Company, both New Jersey corporations but doing business and having a portion of their tangible property and assets in this State. He also owned real property in this State as to the assessment of which no question is raised, and was the trustee of a seven-sixteenths interest in certain property, which interest, under a trust agreement later set out in substance, was liable to decedent for $19,268.60 at the time of his death.

The county court of Cook county assessed the transfer tax against the capital stock of the two New Jersey corporations above mentioned, held by deceased, in the ratio the value of the assets of the corporation in this State bore to the total assets of such corporations. This was error, as this court recently decided in *People* v. *Cuyler,* (*ante,* p. 72,) and *People* v. *Dennett,* (*ante,* p. 43,) that stocks of foreign corporations owned by non-residents are not taxable under the Inheritance Tax law of this State.

The only other question is whether the court erred in imposing a transfer tax on the $19,268.60, for the payment of which the property deceased held in trust was liable and which by his will he gave to the American Missionary Society. Appellee insists by the trust agreement such amount was a debt due decedent from a resident of Illinois and taxable, while appellants contend, first, by the trust agreement there was no debt or debtor within this State; and second, that the Inheritance Tax law of this State does not impose any tax on the basis of jurisdiction over the debtor.

The trust property here involved is an improved business block in Elgin, Illinois. Prior to 1910 deceased owned a nine-sixteenths interest, and his brother, William Hubbard, a seven-sixteenths interest in such property. The interest of William Hubbard was sold to satisfy a judgment against him and deceased purchased said seven-sixteenths

interest at the execution sale. June 29, 1910, deceased executed a trust agreement between himself, as party of the first part, and Callie E. Hubbard, wife of William Hubbard, and Ethel M. and Marguerite E. Hubbard, their children, parties of the second part. The agreement recited that the deceased and his brother, William, received their nine-sixteenths and seven-sixteenths interests, respectively, in the property by will; that the interest of William was sold under a judgment and purchased by deceased, who is now making extensive improvements on the property; that the party of the first part wishing to secure to said second parties the benefits from said seven-sixteenths interest, in consideration of love and affection covenants to manage such interest in said property, pay himself five per cent interest on amounts advanced by him for improvements on the building, pay taxes, assessments and insurance, repairs, etc., and pay seven-sixteenths of the net residue to Callie Hubbard during her life, and upon her death leaving William Hubbard surviving, to pay the same to him, and upon the death of the survivor to pay the same to the girls, Ethel M. and Marguerite E. Hubbard, and the survivor of them, during their lives. The agreement provided, upon the death of the survivor of the parties of the second part the property be sold and the proceeds of said seven-sixteenths interest be paid to the heirs of said William Hubbard after first deducting the amount then owing the party of the first part. The agreement provided the party of the first part could, either by will or deed, appoint his successor in trust and order sale of the property. The agreement was signed and sealed by the parties and contains other provisions which we deem it unnecessary to set out or mention.

The will of deceased mentions and confirms the provisions of said trust, and, exercising the power therein reserved, testator by will appointed the Elgin City Banking Company as successor in trust to carry out the provisions of the trust agreement as to the seven-sixteenths interest in

the Elgin property, and also appointed said banking company trustee of deceased's nine-sixteenths interest in such property, charged with certain trusts created by the will. The will directed said trustee, upon the death of the survivor of the four beneficiaries named in the trust agreement, to sell the real estate, deduct the amount due testator and distribute seven-sixteenths of the net proceeds as provided in the trust agreement, and to pay the amount reserved and owing testator for improvements, together with the net proceeds derived from the sale of his nine-sixteenths interest, to the American Missionary Society. The amount found due and owing decedent for advances made by him for improvements on the property and constituting a charge or lien against the seven-sixteenths interest embraced in the trust agreement was $19,268.60. This amount by will went to the American Missionary Society and the court imposed the succession tax on such sum.

It is the contention of appellee that the $19,268.60, representing money which the decedent advanced for the improvement of the property described in the trust agreement, whether regarded as a chose in action or contractual right or as money belonging to decedent held in trust for him in this State, is taxable as property belonging to him in this State, under the Illinois Inheritance Tax law.

Both appellants and appellee rely on New York decisions, as our Inheritance Tax law was largely modeled after the law on the same subject of that State. The cases, if not conflicting, are at least involved in some confusion. In *In re Houdayer's Estate,* 150 N. Y. 37, (decided in October, 1896,) the question considered was whether money deposited in a bank in New York to the credit of a resident of another State was liable, upon the death of the nonresident, to the transfer tax under the New York law. The opinion, written by Vann, J., holds it was liable to the tax, apparently basing the opinion on two grounds: (1) That it was money in the bank which the depositor could come

and get when he wanted it; and (2) that it was a debt of the bank to the depositor and subject to the tax because under the control of the laws of New York. The author states that a majority of his associates concur in the conclusion reached that the deposit is taxable but not in all of the reasons given therefor; that their view was that the deposit of money in a bank, although technically a debt, is still money for all practical purposes and as such taxable under the Transfer Tax act. Only one of the judges concurred in all the reasoning of the opinion. Three others concurred in the conclusion on the ground stated. Gray, J., dissented from the conclusion, and Haight, J., concurred in the dissenting opinion. The case, therefore, is only authority for the proposition that money on deposit in a bank in the State of New York to the account of a non-resident decedent is subject to the transfer tax of New York as money,—not as a debt owing to the non-resident.

*In re Blackstone's Estate,* 74 N. Y. Supp. 509, affirmed by the Court of Appeals (171 N. Y. 682,) June 24, 1902, without an opinion, was appealed to the Supreme Court of the United States and is reported as *Blackstone* v. *Miller,* 188 U. S. 189. That case involved the liability of a deposit with a trust company in New York of moneys subject to the order of the depositor, who was a non-resident of that State, to the New York Inheritance Tax law. The court said the naked question involved was whether the State had a right to tax the transfer, by will, of such deposit, and affirmed the judgment and held the deposit was liable to the tax as money of the decedent, and also upon the ground that the depositary was a debtor residing within the State of New York, and that the creditor was subject to the laws of that State with respect to enforcing the obligation to him. This latter question was not involved in or necessary to the decision of the case.

*In re Daly's Estate,* 91 N. Y. Supp. 858, affirmed by the New York Court of Appeals (182 N. Y. 524,) without

an opinion in 1905, involved the liability of a bank deposit by a non-resident decedent to the succession tax of New York. It was held liable to the tax as money on hand due the depositor and subject to his order. The court further said that, assuming the money be treated as a debt, it constituted property; that property included money due as well as money possessed, and in its broadest sense included everything which goes to make up one's wealth or estate, and is therefore taxable.

At the same time the opinion was handed down in the *Houdayer case, supra,* the opinion in *In re Bronson's Estate,* 150 N. Y. 1, was handed down by the Court of Appeals of New York. In that case the court held that the bonds of a local corporation owned and kept at the residence of a non-resident owner were not subject to the tax in New York on the transfer by will.

In *In re Fearing's Will,* 200 N. Y. 340, (decided in 1911,) it was held by the Court of Appeals of New York that bonds passing under the will of a non-resident, pursuant to a power of appointment, were not property within the State within the meaning of the Transfer Tax law, and were not subject to such tax because secured by mortgages on lands located in New York. The court said the question was covered by the decision in the *Bronson case.* The opinion in *In re Fearing's Will* was handed down after the decision in the *Daly case.*

In *In re Gordon's Estate,* 186 N. Y. 471, the question was presented whether a claim under a certain policy of life insurance issued by a New York corporation to and upon the life of a resident of New Jersey was property subject to a transfer tax within the State of New York. *Blackstone* v. *Miller, supra,* and *In re Houdayer's Estate, supra,* were cited by counsel for the State. The court in its opinion refers to those cases, and says in the *Blackstone case* "there is no discussion of the right with reference to the ordinary indebtedness, but the entire opinion is devoted to

a consideration of the power to impose a tax with respect to the deposit," but that the court went further and held that a tax could be sustained even upon the theory that the deposit was an ordinary debt. The opinion further says that in the *Houdayer case* the majority of the judges concurred in the opinion upon the principle there distinctly enunciated that the deposit was in the nature of money or tangible property within the State.

The cases holding debts are liable to the tax in the State of the debtor where the creditor resides in another State are cases in which the question involved was whether money deposited in bank subject to the order of the depositor was liable to the tax. All the cases hold it is liable as money, and it will be seen some of them say if treated simply as a debt due the depositor it would also be liable. The cases we have cited in which the question of a debt being liable to the tax was involved held it was not liable.

If the sum here under consideration is liable to the succession tax it would be on the ground that it is a debt due and owing to the decedent. Conceding that the legislature had the power to make the debts of resident debtors to non-resident creditors liable to the tax, we are not disposed to hold they have done so by the present act, which is substantially like the New York statute. Courts have nothing to do with the wisdom or unwisdom of a statute, but the consequences of holding debts liable to the tax are of such importance that we are unwilling to attribute such an intention to the legislature unless it is expressed in clearer terms than are found in our present statute.

In our opinion the court erred in holding the $19,268.60 was subject to the tax, and its judgment is therefore reversed.

*Judgment reversed.*