STATE EX REL. BANKERS' TRUST CO., RELATOR, *v.* WALKER, RESPONDENT.

(No. 5,512.)

(Submitted April 28, 1924. Decided May 19, 1924.)

[226 Pac. 894.]

*Mandamus—Taxation—Inheritance Tax—Shares of Stock in Foreign Corporations—Nonliability to Tax—Statutes—Constitution.*

Inheritance Tax—Shares of Stock in Foreign Corporation—When not Subject to Tax.
   1. *Held,* that under Chapter 65, Laws of 1923, providing for a tax on direct and collateral inheritances, the state may not lawfully collect an inheritance tax upon the right of a nonresident legatee to succeed to shares of the capital stock of a foreign corporation doing business in the state, bequeathed to him by a nonresident, where the certificates representing the stock are kept at the place of domicile of the testator.

Same—Nature of Imposition—Jurisdiction.
   2. An inheritance tax is not one on property and there is no natural right to receive property by will or inheritance, it being within the power of the state to impose such conditions to succession to property within its jurisdiction as it may deem appropriate, the term "jurisdiction" in this connection meaning power over the particular *res* or subject.

Taxation Limited to Property Within Jurisdiction of State.
   3. A tax on property must be limited to property within the state's jurisdiction, since property without such jurisdiction is beyond its taxing power.

Inheritance Tax—Jurisdiction to Impose Exists When.
   4. For the purpose of imposing a succession tax jurisdiction exists only when the exercise of some essential privilege incident to the transfer of title (to stock in a foreign corporation in this instance) depends for its legality upon the law of the state levying the tax.

[70 Mont. 484.]

Descent and Distribution—Governed by Law of Place of Decedent's Domicile.
  5.   The distribution of a decedent's estate is governed by the law of the place of his actual domicile.
Corporations—Stock and Stockholders.
  6.   A corporation is a legal entity with the rights of a natural person, and the title to its property is vested in it and not in its stockholders.
Inheritance Tax—Shares of Stock in Foreign Corporation.
  7.   Shares of stock of a corporation chartered under the laws of another state and belonging to a nonresident are not subject to an inheritance tax in this state.
Statutes—Constitutionality Presumed.
  8.   The constitutionality of a statute is presumed, and where the Act is open to two constructions, one leading to a declaration of its unconstitutionality and the other to one of its constitutionality, the latter is favored by the courts.
*Mandamus*—When Writ does not Lie.
  9.   Under section 9848, Revised Codes of 1921, the writ of mandate issues only to compel the performance of an act which the law specially enjoins as a duty resting with the respondent; hence, it does not lie to compel the state board of equalization to compel it to consent to the transfer of shares of stock on the books of a foreign corporation doing business in the state and to return to relator an inheritance tax paid under protest by the executor of the nonresident decedent, owner of the stock, the law not making it the specific duty of the board to do so.

Original application for writ of *mandamus* by the State, on the relation of the Bankers' Trust Company and another, against J. W. Walker and others, constituting the State Board of Equalization and its secretary.   Writ denied.

*Messrs. Cooper, Stephenson & Hoover,* for Relator, and *Messrs. White & Case,* of the Bar of New York, of Counsel, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

The right to impose an inheritance tax depends upon the location in the state of the property transferred and sought to be taxed, or power over the transition of it. (*Louisville Ferry Co.* v. *Kentucky,* 188 U. S. 385, 47 L. Ed. 513, 23 Sup. Ct. Rep. 463; *Union Transit Co.* v. *Kentucky,* 199 U. S. 194, 4 Ann. Cas. 493, 50 L. Ed. 153, 26 Sup. Ct. Rep. 36 [see, also, Rose's U. S. Notes]; *Hayes* v. *Smith,* 58 Mont. 306, 192 Pac. 615; *State* v. *Harrington,* 81 Mont. 1, 217 Pac. 681; *Bullen*

---

7. · Situs of corporate stock for purposes of succession tax, see notes in 127 **Am. St. Rep.** 1096; 13 **Ann. Cas.** 741; **Ann. Cas.** 1918A, 555.

v. *Wisconsin,* 240 U. S. 625, 60 L. Ed. 830, 36 Sup. Ct. Rep. 473 [see, also, Rose's U. S. Notes] ; *Tyler* v. *Dane County,* 289 Fed. 843.)

The interest of the stockholder is distinct from the corporation. (*Eisner* v. *Macomber,* 252 U. S. 189, 9 A. L. R. 1570, 64 L. Ed. 521, 40 Sup. Ct. Rep. 189; *People* v. *Dennett,* 276 Ill. 43, 114 N. E. 493; *People* v. *Griffith,* 245 Ill. 532, 92 N. E. 313; *State ex rel. Peterson* v. *Dunlap,* 28 Idaho, 784, Ann. Cas. 1918A, 546, 156 Pac. 1141.)

A state has no jurisdiction to impose an inheritance tax on the shares of stock of a nonresident decedent in a foreign corporation which owns property and does business in the state. (*Welch* v. *Burrill,* 223 Mass. 87, 111 N. E. 774; *In re Harkness' Estate* (Okl.), 204 Pac. 911; *Tyler* v. *Dane County,* 289 Fed. 843; *Shepard* v. *State* (Wis.), 197 N. W. 344.)

The control of foreign corporations does not add the necessary element of jurisdiction over the property of its shareholders, nor does such control extend to rights outside the state. (*Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1, 54 L. Ed. 355, 30 Sup. Ct. Rep. 190; *Terral* v. *Burke Construction Co.,* 257 U. S. 599, 66 L. Ed. 352, 42 Sup. Ct. Rep. 188; *Looney* v. *Crane Co.,* 245 U. S. 178, 62 L. Ed. 230, 38 Sup. Ct. Rep. 85; *International Paper Co.* v. *Massachusetts,* 246 U. S. 135, Ann. Cas. 1918C, 617, 62 L. Ed. 624, 38 Sup. Ct. Rep. 292.)

*Mr. Wellington D. Rankin,* Attorney General, for Respondents, submitted a brief and argued the cause.

An inheritance tax is a tax on the right of succession. Strictly speaking, an inheritance tax is not a tax on property, but on the right of succession or transfer of the property or beneficial interest thereon. (*Conway Estate* (Ind.), 117 N. E. 717.) The burden of the tax is not imposed upon the property itself, but upon the privilege of acquiring property by inheritance. In nearly all inheritance tax laws the statute provides for an appraiser of the property to be inherited,

but the object of such valuation is not to tax the property itself. It is to arrive at a measure of the price by which the privilege of inheritance can be valued. (*In re Tuohy's Estate,* 35 Mont. 431, 90 Pac. 170; *State ex rel. Gilmore* v. *District Court,* 45 Mont. 335, Ann. Cas. 1918A, 469, 122 Pac. 922; *Gelsthorpe* v. *Furnell,* 20 Mont. 299, 39 L. R. A. 170, 51 Pac. 267.) It is not a tax upon property or upon property rights in any sense, but purely an excise levied upon the transfer or transaction and merely measured in amount by the amount of the property transferred. (*Beals* v. *State,* 139 Wis. 534, 121 N. W. 347; *In re Inman's Estate,* 101 Or. 182, 199 Pac. 615, 620; Gleason & Otis on Inheritance Taxation, 2d ed., p. 7.)

There is no constitutional right to inherit property. (*United States* v. *Perkins,* 163 U. S. 625, 41 L. Ed. 287, 16 Sup. Ct. Rep. 1073; *In the Matter of Wilmerding,* 117 Cal. 281, 49 Pac. 181; *Mager* v. *Grima,* 8 How. (U. S.) 490, 12 L. Ed. 1161 [see, also, Rose's U. S. Notes].)

Shares of stock represent merely the interest of the owner in the property of a corporation and therefore the transfer of the stock is, in effect, a transfer of ownership in the property. (*Chesebrough* v. *San Francisco,* 153 Cal. 559, 96 Pac. 288; *People* v. *D. O. Mills etc. Nat. Bank,* 123 Cal. 53, 69 Am. St. Rep. 32, 45 L. R. A. 747, 55 Pac. 685; *Fisher* v. *Essex Bank,* 5 Gray (Mass.), 373, 378; *Armour Bros. Bk. Co.* v. *St. Louis Nat. Bank,* 113 Mo. 12, 19, 35 Am. St. Rep. 691, 20 S. W. 690, 692; *In re Culver Estate,* 145 Iowa, 1, 25 L. R. A. (n. s.) 384, 123 N. W. 743; *Greves* v. *Shaw,* 173 Mass. 205, 53 N. E. 372.)

The supreme court of North Carolina, in a very recent case decided February 27 of this year, applied the foregoing principles of law to a statute identical in its legal effect with our own. The action was brought by plaintiff trust company, as executor of the will of deceased, to recover the sum of $2,658.85, which amount had been paid by plaintiff under protest as an inheritance or transfer tax on shares of stock owned by decedent in the R. J. Reynolds Tobacco Co., a cor-

poration chartered, as in the Montana Power Company, under the laws of New Jersey. The court held that statute constitutional.

The policy of this state (as in North Carolina), as announced in section 17 of Article XII of the Constitution, is to treat the interest of a stockholder in a domestic corporation, for purposes of taxation, as identical with that of the corporation; and hence the individual stockholder is not required to pay taxes on his shares of stock, where the property of the corporation, represented by such stock, is within the state and has been taxed. (*Daly Bk. & T. Co.* v. *Board of Commrs.*, 33 Mont. 101, 81 Pac. 950; see, also, *Blackstone* v. *Miller*, 188 U. S. 189, 47 L. Ed. 439, 23 Sup. Ct. Rep. 277 [see, also, Rose's U. S. Notes].)

The situation here is not unlike that regarding community property. The legal title to community property is in the husband, who has dominion and control over it. The wife's interest is a mere expectancy and possesses none of the attributes of an estate, either at law or in equity. (*Packard* v. *Arrellanus*, 17 Cal. 525.) Yet it has been repeatedly held that the wife's interest in such an estate was subject to an inheritance tax. (*In re Burdick*, 112 Cal. 387, 44 Pac. 734; *Spreckels* v. *Spreckels*, 116 Cal. 339, 58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228; *In re Moffitt*, 153 Cal. 359, 20 L. R. A. (n. s.) 207, 95 Pac. 653.)

The *Wisconsin Case* is distinguishable. (a) In the case of *Shepard* v. *State* (Wis.), 197 N. W. 344, the court relies on two principal propositions of law not recognized in this state. At page 346 the court says: "Its [the state's] right to impose the tax springs from its right to prescribe reasonable conditions for permitting and making the transfer. Our state cannot deny the right of transfer altogether, because the right to inherit is held to be a natural right subject only to reasonable restrictions." (Citing *Nunnemacher* v. *State*, 129 Wis. 190, 9 Ann. Cas. 711, 9 L. R. A. (n. s.) 121, 108 N. W. 627.) This

feature of the Wisconsin law is also referred to by the federal court in the *Tyler* v. *Dane County Case,* 289 Fed. 849. This proposition of law is entirely contrary to all of the authorities. (b) The Wisconsin decision is predicated upon a legal theory that has not been adopted in this state, to wit: That for the purpose of taxation, the capital of a corporation and its capital stock will be considered as separate and distinct. The Constitution of Montana, Article XII, section 17, indicates that Montana recognizes that ownership of stock is an ownership in the property of a corporation, for purposes of taxation. (c) The statutes of this state are different than those of Wisconsin. Under subdivision 1 of section 11 of Chapter 65 of the Laws of 1923, the corporation itself becomes liable for the tax, if it is not paid by the foreign executor or administrator. By making the corporation liable for the tax, the tax is made a direct charge against the corporate property that is situated in Montana. The tax being a charge upon property situated in this state, it is unimportant whether the property is regarded as belonging to the corporation or to its stockholders. The property is within the state and subject to its jurisdiction.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an original application for a writ of mandate to compel the respondents to consent to the transfer on the books of the Montana Power Company, a foreign corporation doing business in Montana, of certain shares of stock in that company owned, at the time of her death, by Mary E. Lalor, now held by the executors of the last will of decedent, and to return to relators certain sums of money already paid under protest covering the amounts exacted on transfer of such stock heretofore made. Upon filing and presentation of the relators' duly verified petition, an alternative writ was issued. The respondents appeared by motion to quash and after argument the cause was submitted for decision.

It appears that Mary E. Lalor died on the eighth day of January, 1923, being then, and for a long time prior thereto, a resident of the city and state of New York. She left a last will and testament which was regularly admitted to probate in the surrogate court of the city, county, and state of New York, and the relators were duly appointed as the executors thereof. The relators thereafter qualified, and on March 28, 1923, letters testamentary were duly issued to them, and ever since that time they have been and now are the duly appointed, qualified and acting executors of the last will and testament of the deceased. At the time of her death, Mary E. Lalor owned and held 24,916 shares of the common capital stock and 1,662 shares of the preferred capital stock of the Montana Power Company, of the value of $1,678,298. The relators are and always have been nonresidents of Montana, the Bankers' Trust Company being a corporation organized under the laws of the state of New York, with principal office and place of business in the city of New York, and Willard A. Lalor being a resident of the city of St. Louis, Missouri. The Montana Power Company is a corporation organized under and by virtue of the laws of the state of New Jersey, and the stock certificates of that company herein involved were at the time of decedent's death, and now are, in the city of New York. The Montana Power Company owns property in the state of Montana, and is regularly licensed to do business therein. The decedent by her last will transferred 3,000 shares of the common capital stock of the Montana Power Company belonging to her. to the relator, Willard A. Lalor, her brother-in-law, and all the remainder of both common and preferred capital stock in that company to her husband, John C. Lalor.

On June 6, 1923, the relators sold 10,950 shares of such common capital stock, and on June 15, 1923, made sale of 840 shares of such preferred stock, and were required by the respondent R. D. Miller, secretary of the state board of equalization, to make deposit with him of the sum of $32,372.40 as

security for the payment of an inheritance tax to the state of Montana on the shares of stock so sold, which amount was by the relators paid under protest, consent to the transfer granted, and the stock certificates transferred.  On October 29, 1923, the relators being desirous of selling and transferring the remainder of the capital stock, both common and preferred, applied to the state board of equalization for consent so to do, which was refused, unless the full amount alleged to be due the state of Montana for inheritance tax was paid.  The Montana Power Company has refused to recognize any transfer of the stock certificates belonging to the decedent, unless the relators shall first have obtained the consent of the state board of equalization to such transfer.

The question involved is whether the state may lawfully impose an inheritance tax upon the right of nonresident [1] legatees to succeed to shares of the capital stock of a foreign corporation regularly doing business in Montana, bequeathed to them by a nonresident, the certificates representing the stock in the corporation, being physically kept and held at the place of domicile of the testator.

Our statute involved is Chapter 65 of the Laws of 1923 (page 140), being "an Act to establish a tax on direct and collateral inheritances, bequests and devises," *etc.*  The portions of the Act necessary to be considered in determination of this controversy are as follows:

"Section 1.   A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation * * * in the following cases: * * *

"(1) By a Resident of State.   When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of the state.

"(2) Nonresident's Property Within State.   When a transfer is by will or intestate law, of property within the state or

within its jurisdiction and the decedent was a nonresident of the state at the time of his death.   *   *   *

"(4) When Imposed.  Such tax shall be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof, by any such transfer.   *   *   *

"Sec. 11.   (1) Transfer of Stock by Foreign Executors. If a foreign executor, administrator, or trustee shall assign or transfer any stock or obligations in this state, or within the jurisdiction of this state standing in the name of a decedent or in trust for a decedent, liable to any such tax, the tax shall be paid to the treasurer of the proper county or the state treasurer on the transfer thereof; otherwise the corporation permitting such transfer shall become liable to pay such tax.

"(2)   *   *   *   No safe deposit company, bank, or other institution, person or persons, holding securities or assets of a nonresident decedent, nor any foreign or domestic corporation doing business within this state in which a nonresident decedent held stock at his decease, shall deliver or transfer the same to the executors, administrators or legal representatives of said decedent, or upon their order or request, unless notice, of the time and place of such intended transfer be served upon the state board of equalization at least ten days prior to the said transfer; nor shall any such safe deposit company, bank, or other institution, person or persons, nor any foreign or domestic corporation, deliver or transfer any securities or assets of the estate of a nonresident decedent without retaining a sufficient portion or amount thereof to pay any tax which may thereafter be assessed on account of the transfer of such securities or assets under the provisions of the inheritance tax laws, without an order from the proper court authorizing such transfer; and it shall be lawful for the state board of equalization, personally or by representative, to examine said securities or assets at any time before such delivery or transfer.  Failure to serve such notice or to allow such examination or to retain

a sufficient portion or amount to pay such tax as herein pro-
vided, shall render said safe deposit company, trust company,
bank, or other institution, person or persons, or such foreign
or domestic corporation, liable to the payment of the tax due
upon said securities or assets in pursuance of the provisions of
the inheritance tax laws. The state board of equalization may
issue a certificate authorizing the transfer of any such stock,
securities or assets whenever it appears to the satisfaction of
the said Board that no tax is due thereon. * * *

"(7). Penalties. Any corporation or holding company vio-
lating the provisions of this section shall be liable to the state
for the amount of the tax together with a penalty of ten per
cent thereof. * * *

"Sec. 22. Definitions. The words 'estate' and 'property' as
used in this Act shall be taken to mean the real and personal
property or interest therein passing or transferred to indi-
vidual legatees, devisees, heirs, next of kin, grantees, donees,
or vendees, and not as the property or interest therein of the
decedent, grantor, donor, or vendor, *and shall include all per-
sonal property within or without the state.* The word 'trans-
fer' as used in this Act shall be taken to include the passing of
property or any interest therein, in possession or enjoyment,
present or future, by inheritance, descent, devise, succession,
bequest, grant, deed, bargain, sale, gift, or appointment in the
manner herein prescribed to each individual or corporation.
* * * ''

An inheritance tax is not one on property, but one of succes-
[2]  sion; it is based on the privilege granted by the state.
The right to take property by descent or devise is a creature of
the law and not a natural right. The authority conferring the
right may impose conditions upon it. (*Magoun* v. *Illinois
Trust & Savings Bank,* 170 U. S. 283, 42 L. Ed. 1037, 18 Sup.
Ct. Rep. 594 [see, also, Rose's U. S. Notes]; *State ex rel.
Rankin* v. *District Court, ante,* p. 322, 225 Pac. 804, involving
the Murray estate, decided April 19, 1924.) ''It is a ransom

or toll levied upon the right to transmit or upon the right to receive property the transmission or receipt of which is occasioned by death.'' (*Rhode Island Hospital Trust Co.* v. *Doughton* (N. C.), 121 S. E. 741, decided February 27, 1924; *In re Inman*, 101 Or. 182, 16 A. L. R. 675, 199 Pac. 615; Gleason & Otis on Inheritance Taxes, 3d ed., p. 8; see, also, *Gelsthorpe* v. *Furnell*, 20 Mont. 299, 39 L. R. A. 170, 51 Pac. 267; *In re Touhy's Estate*, 35 Mont. 431, 90 Pac. 170; *State ex rel. Rankin,* v. *District Court, supra.*) It ''has ever been treated as a duty or excise, because of the particular occasion which gives rise to its levy.'' (*New York Trust Co.* v. *Eisner*, 256 U. S. 345, 65 L. Ed. 963, 16 A. L. R. 660, 41 Sup. Ct. Rep. 506.)

The authorities are unanimous upon the proposition that an inheritance tax is neither a property nor a personal tax; and though there is some little conflict as to what the tax is really levied upon, the overwhelming weight of authority supports the rule that such tax is a bonus in the nature of an excise or duty exacted by the state for the privilege granted by its laws of inheriting or succeeding to property on the death of the owner. (See note to opinion in the case of *In re McKennan* (S. D.), 33 L. R. A. (n. s.) 606, and authorities there collected.

There is no natural right to receive property by will or inheritance. (*State ex rel. Rankin* v. *District Court, supra; In re Inman, supra.*) So that it lies within the power of the state to impose such conditions to succession to property within its jurisdiction as it may deem appropriate. ''Jurisdiction'' as here employed, and as used in our statute, means power over the particular *res* or subject. (*Lamar* v. *United States*, 240 U. S. 60, 60 L. Ed. 526, 36 Sup. Ct. Rep. 255 [see, also, Rose's U. S. Notes].)

A tax on property must be limited to property *within its* [3] *jurisdiction.* Property without such *jurisdiction* is beyond the state's taxing power. (See *State ex rel. Rankin* v. *Harrington*, 68 Mont. 1, 217 Pac. 681; *Metropolitan Life Ins. Co.* v. *New Orleans*, 205 U. S. 395, 51 L. Ed. 853, 27 Sup. Ct. Rep.

499 [see, also, Rose's U. S. Notes] ; *Wallace* v. *Hines,* 253 U. S. 66, 64 L. Ed. 782, 40 Sup. Ct. Rep. 435; *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1, 54 L. Ed. 355, 30 Sup. Ct. Rep. 190 [see, also, Rose's U. S. Notes] ; *Oakman* v. *Small,* 282 Ill. 360, 118 N. E. 775.)

For the purpose of imposing a succession tax jurisdiction exists only when the exercise of some essential privilege incident to the transfer of the title (to stock in a foreign corporation) depends for its legality upon the law of the state levying the tax. (*Welch* v. *Treasurer and Receiver-General,* 223 Mass. 87, 111 N. E. 774.)

The universal rule is that the distribution of a decedent's estate is governed by the law of the place of his actual domicile at the time of death.

Our Montana inheritance tax law was copied from Wisconsin, and the particular section of the Montana statute relating to the questions involved are identical with the Wisconsin statute. In the case of *Tyler* v. *Dane County,* 289 Fed. 843, Judge Luse of the United States district court held that the provision of the statute of the state of Wisconsin imposing an inheritance tax on the stock of a nonresident stockholder and a foreign corporation doing business within the state of Wisconsin violated the fourteenth amendment to the Constitution of the United States and was therefore void. In that case it is said: "It is well settled that a tax on property must be limited to property within the 'territorial jurisdiction of the state. Property situated without that jurisdiction is beyond the state's taxing power, and the exaction of a tax upon it is in violation of the fourteenth amendment to the Constitution.' " Further in the course of that opinion the learned judge well said: "No escape is seen from the conclusion that the tax here involved may not be justified on the theory that the transfer taxed was of an interest in property located in Wisconsin. On the contrary, the transfer was of distinct though intangible, personal property transferred by universal succession from the decedent

496  State ex rel. Bankers' Trust Co. *v.* Walker. [Mar. T. '24

[70 Mont. 484.]

in Massachusetts to the complainants as executors appointed and resident in that state. * * * The transfer of the stock in question from the decedent to these complainants is effected by the laws of Massachusetts, and may be completed with the aid of the laws of those states which created the corporations, and it is apparent that such transfer receives no support, legal or otherwise, from the laws of Wisconsin.''

Mr. Chief Justice Vinje, speaking for the court in the recent case of *Estate of Shepard,* 184 Wis. 88, 197 N. W. 344, in construing the application of the Wisconsin statute, said: '' (1) An inheritance or succession tax is a tax on the right to receive property from a decedent. It attaches to a person and not to property or to an interest in property, though it is imposed and enforced through a control of the transfer of the property. The only other relation that the property has to it is that its value measures the amount of the tax. (*Nunnemacher* v. *State,* 129 Wis. 190, 9 Ann. Cas. 711, 9 L. R. A. (n. s.) 121, 108 N. W. 627; *Montague* v. *State,* 163 Wis. 58, 57 N. W. 508.)

'' (2) The property of a corporation is its property and not that of the stockholders. There is a fundamental difference between the capital of a corporation and its capital stock. The former belongs to the corporation; the latter, when issued, to the stockholders. The former may be either real or personal property; the latter, when issued, is always personal property. * * *

'' (3) The state must have jurisdiction of the subject matter of the tax. Such subject matter is the transfer of title to property from a decedent to another. If the state has nothing to do with such transfer it has no jurisdiction to impose an inheritance tax. Its right to impose [an inheritance] tax springs from its right to prescribe reasonable conditions for permitting and making the transfer. * * * But if the decedent was not a resident of the state at the time of his death and the person receiving it is a nonresident and the property to be transferred is without the state, then there is no right to

tax because the subject matter is beyond the jurisdiction of the court. Either the property transferred must be within the state or the decedent must have died a resident thereof, or some recourse to the courts or laws of our state must be necessary to secure the transfer in order to confer jurisdiction to impose a valid tax. (Sec. 72.01, Stats. 1923.)''

In 7 R. C. L. 196, it is said: ''Nature of Property in Shares. The tangible property of a corporation and the shares of stock therein are separate and distinct kinds of property and belong to different owners, the first being the property of the artificial person—the corporation—the latter the property of the individual owner. An assignment of corporate property does not carry the capital stock with it. Although incorporeal in their nature the shares are personal property.''

In the case of *McKeen* v. *Northampton County*, 49 Pa. St. 519, 88 Am. Dec. 515, Mr. Justice Agnew speaking for the court said: ''The interest which an owner, * * * has in the stock of a corporation is personal. Whithersoever he goes it accompanies him, and when he dies his domicile governs its succession. It goes to his executor or administrator, and not to the heirs, and is carried into the inventory of his personal effects. When it is argued, therefore, that the foundry, machine shop, and other estate of the corporation, being within the state of New Jersey, are subject wholly to the same exclusive state jurisdiction there which we claim for this state over property within its territory, another ownership is stated and a new issue introduced. But to that property the defendant below has no title; his title being in the shares he holds, and not in the property of the corporation. No execution against him there would sell a spark of right to it, nor would his heirs at law succeed to any estate in it. Unquestionably it may be taxed as the property of the corporation in New Jersey; but the ownership there is that of the corporation, the legal entity, and not of the natural persons who own the shares of its stock.''

Mr. Justice Holmes, speaking for the court in *Blackstone* v. *Miller,* 188 U. S. 189, 204, 47 L. Ed. 439, 23 Sup. Ct. Rep. 277, 278 [see, also, Rose's U. S. Notes], said: "No one doubts that succession to a tangible chattel may be taxed wherever the property is found, and none the less that the law of the *situs* accepts its rules of succession from the law of the domicile, or that by the law of the domicile, the chattel is part of a *universitas* and is taken into account again in the succession tax there. (*Eidman* v. *Martinez,* 184 U. S. 578, 586, 587, 592. See *Mager* v. *Grima,* 8 How. (U. S.) 490, 493, 12 L. Ed. 1168; *Coe* v. *Errol,* 116 U. S. 517, 524, 29 L. Ed. 715, 6 Sup. Ct. Rep. 475; *Pullman Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18, 22, 35 L. Ed. 613, 11 Sup. Ct. Rep. 876; *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 42 L. Ed. 1037, 18 Sup. Ct. Rep. 594; *New Orleans* v. *Stempel,* 175 U. S. 309, 44 L. Ed. 174, 20 Sup. Ct. Rep. 110; *Bristol* v. *Washington County,* 177 U. S. 133, 44 L. Ed. 701, 20 Sup. Ct. Rep. 585 [see, also, Rose's U. S. Notes]; and for state decisions, *Matter of Estate of Romaine,* 127 N. Y. 80, 12 L. R. A. 401, 27 N. E. 759; *Callahan* v. *Woodbridge,* 171 Mass. 593, 51 N. E. 176; *Greves* v. *Shaw,* 173 Mass. 205, 53 N. E. 372; *Allen* v. *National State Bank,* 92 Md. 509, 84 Am. St. Rep. 517, 52 L. R. A. 760, 48 Atl. 78.)

"No doubt this power on the part of two states to tax on different and more or less inconsistent principles, leads to some hardship. It may be regretted, also, that one and the same state should be seen taxing on the one hand according to the fact of power, and on the other, at the same time, according to the fiction that in successions after death, *mobilia sequuntur personam* and domicile governs the whole. But these inconsistencies infringe no rule of constitutional law. (*Coe* v. *Errol,* 116 U. S. 517, 524, 29 L. Ed. 715, 6 Sup. Ct. Rep. 475; *Knowlton* v. *Moore,* 178 U. S. 41, 44 L. Ed. 969, 20 Sup. Ct. Rep. 747 [see, also, Rose's U. S. Notes].)"

In *People* v. *Dennett,* 276 Ill. 43, 114 N. E. 493, the general
rule is well stated: "The relation of the stockholder to the
property of the corporation has been so long settled by uniform
decisions that it is no longer the subject of discussion. The
owner of shares of stock in a corporation is not the owner of
the property or of any share of the property of the corpora-
tion in any legal sense. The stockholders of a corporation
completely organized do not hold the relation of partners, and
they have neither legal nor equitable title to the property of
the corporation."

Corporations in Montana are taxed on property owned by
them in the state, not on their capital stock. (*Butte Land &
Investment Co.* v. *Sheehan,* 44 Mont. 371, 120 Pac. 241.)

The distinction between ownership of shares of stock in a cor-
[6] poration and ownership of the property of the corporation
is a fundamental concept of the law of corporations. The cor-
poration is a legal entity clothed with the rights of a natural
person, and the title to its property is vested in it, not in its
stockholders. (5 Fletcher on Corporations, sec. 3433; Cook on
Corporations, 6th ed., sec. 12.)

And it is the universal rule that shares of stock of a cor-
[7] poration chartered under the laws of another state and
belonging to a nonresident are not subject to an inheritance
tax on the death of the owner. (*In re McCahill,* 171 Cal. 482,
153 Pac. 930; *People* v. *Griffith,* 245 Ill. 532, 92 N. E. 313;
*People* v. *Dennett, supra; People* v. *Cuyler,* 276 Ill. 72, 114
N. E. 494; *People* v. *Blair,* 276 Ill. 623, 115 N. E. 218; *Har-
row's Succession,* 140 La. 570, L. R. A. 1917D, 281, 73 South.
683; *State* v. *Dunlap,* 28 Idaho, 784, Ann. Cas. 1918A, 546,
156 Pac. 1141.)

It is well settled that the shares of stock of a domestic cor-
poration, whether belonging to a resident or a nonresident,
are the subject of taxation here; and so, too, the shares of a
foreign corporation having a *situs* here are taxable under our
laws. If the owner is domiciled in Montana, ordinarily such

500   State ex rel. Bankers' Trust Co. *v.* Walker.   [Mar. T. '24

[70 Mont. 484.]

shares are taxable here, although they may have an independent *situs* for the purposes of taxation. (*State ex rel. Rankin* v. *Harrington,* 68 Mont. 1, 217 Pac. 681.)

The language employed in the statute indicates an intent and purpose to subject such property to an inheritance tax only when it is *"within the state or within its jurisdiction,"* and that is as far as the law-making power could constitutionally go. As to residents, the transfer tax is on the succession, and is imposed on the privilege thereof; but as to nonresidents, it is a tax on the transfer of property *within the jurisdiction* of the state. (*In re Bishop,* 82 App. Div. 112, 81 N. Y. Supp. 474.)

In Ruling Case Law, volume 26, page 217, the author of the article on "Taxation" says: "No case, however, has gone so far as to justify the taxation of the transfer of stock of a corporation by a state in which the decedent did not live and by which the corporation was not chartered, and in which the stock certificate was not kept, merely on the ground that the corporation owned property in such state, and the power of a state to impose such a tax has been expressly denied."

We are of opinion it was not the intention of the legislature to exact a succession or inheritance tax on property of the character involved herein, the *situs* of which is not within Montana. The intention clearly was to limit the application of the statute to such property of a nonresident as is physically within the state. The stock in question is wholly beyond the jurisdiction of this state for the purpose of exaction of an inheritance tax upon transfer by death of its owner. The statute expressly limits the right to collect the transfer tax upon inheritance to cases where the property passes by will or by the intestate laws of this state from a person dying seised of the same while a resident of Montana, and as to nonresidents, where the property is actually within the state at the time of the owner's death. (*State* v. *Dunlap,* 28 Idaho, 784, Ann. Cas. 1918A, 546, 156 Pac. 1141.) The words "within its jurisdic-

tion,'' as used in the statute, where the property is physically without the state, cannot be given meaning or application, for if the stock is in a foreign corporation, and the owner thereof is a nonresident, it is beyond the power of the state to exact the payment of an inheritance tax. The language employed must be held to be a repetition of the words preceding and intended to mean the same thing, *viz.*, ''property within the state.''

The *situs* of the shares of stock within the taxing state is the foundation of jurisdiction to tax; and ordinarily *situs* can only be at the domicile of the owner or at the domicile of the corporation (*Welch* v. *Treasurer and Receiver-General, supra; In re Enston*, 113 N. Y. 174, 181, 3 L. R. A. 464, 21 N. E. 87; *In re James*, 144 N. Y. 6, 10, 38 N. E. 961); and it is impossible to predicate jurisdiction over nonresident shareholders in a foreign corporation merely upon the physical presence of property belonging to that corporation within the territory of a state. (*Welch* v. *Treasurer and Receiver-General, supra.*)

The decedent, Mrs. Lalor, did not live in Montana, and by her will her shares of stock in the Montana Power Company passed, not under the laws of Montana, but the laws of New York where she resided. The corporation owned property in Montana, but it was required to pay and did pay property taxes assessed thereon. The physical property situated in Montana did not belong to the decedent, nor did she own an interest in it subject to succession under the laws of the state of Montana. It was and is the property of the Montana Power Company, a New Jersey corporation.

As was well and appropriately said by Mr. Justice Morgan, speaking for the supreme court of Idaho, in a case arising under like statutory law and facts: ''Decedent's property consisted of shares of capital stock in a foreign corporation, even the certificates of which were held outside the state, which shares were intangible personal property the succession to which was in no way affected by our laws. Neither can we,

by any stretch of the imagination, conceive of a condition arising whereby the aid of our laws might be invoked in order to reduce the inherited property to possession. It is urged with great earnestness that because the property of the * * * company is in Idaho, the interest therein of decedent, at the time of his death, evidenced by his shares of stock in the * * * company, is subject to inheritance tax here. There is no foundation for the argument." (*State* v. *Dunlap, supra.*)

The general principles of law announced in the majority opinion of the supreme court of North Carolina in the very recent case of *Rhode Island Hospital Trust Co.* v. *Doughton,* (N. C.), 121 S. E. 741, gives recognition to all of the well-established rules of law applicable in the levy of a succession or inheritance tax, and then holds that since the corporation is possessed of property within the territorial confines of North Carolina, the shareholder has an interest in the property represented by his shares of stock sufficient to confer jurisdiction upon the state of North Carolina to impose a succession tax. It is said in the majority opinion: "We think, that the legislature intended to put aside the fiction of separate interests between the corporation and its shareholders and to impose an inheritance tax upon the transfer by will or devolution of the interests of nonresident stockholders in corporations, chartered in any other state or country." The decision in that case is illogical in conclusion, and contrary to the overwhelming weight of authority. We refuse to follow it.

The constitutionality of the statute is presumed, and of two [8, 9] constructions thereof, one leading to a declaration of its unconstitutionality and the other considering it as constitutional, the latter is favored by the courts. In our opinion, however, the writ of mandate is not appropriate to afford the relief desired by the relators in this case. It will issue only to compel the performance of an act which the law especially enjoins as a duty resting with the respondents. (Sec. 9848,

Rev. Codes 1921.)   Here there appears to be no specific duty devolving upon the respondents, and therefore the writ is denid.

*Writ denied.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.